Bayhi et al. vs. Bayhi et als.

## No. 8642.

### H. V. BAYHI ET AL. VS. CHAS. BAYHI ET ALS.

Co-heirs have the right to sue for a partition by sale where the property held in common cannot be conveniently divided in kind, although the shares of other heirs therein be burdened with mortgages.

A judgment directing such partition cannot be attacked collaterally. If it was rendered on insufficient evidence or in disregard of the forms prescribed by law, it can only be revised on appeal. If it was obtained by ill practices, not patent on the record, the remedy is by an action in nullity.

An answer made by the defendants, in which they neither deny nor admit any of the allegations of the petition, but submit the case to the determination, joins issue as effectually as a judgment by default could have done. Such an answer and such judgment throw upon the plaintiff the burden of establishing the allegations of the petition as fully as if a special denial of each had been filed.

A judgment rendered on an issue formed by such answer, is not a consent judgment. Where rendered by a court, after hearing evidence and an opposing intervenor, it must be viewed as the result of the exercise of a judicial discretion and as a decision of the issues presented.

In partition suits the validity of the adjudication does not depend upon a proportion to the appraisement. The property can be legally adjudicated regardless of the valuation placed upon it, even when minors are co-owners.

Co heirs have a right to assemble and consult touching the propriety of purchasing or not the property to be sold for a partition. In case of adjudication to them, they are authorized to retain the price until their rights in the succession have been liquidated. They have the right of fixing for their respective shares such terms as they may deem most advantageous.

The fact, if it exist, that revenues or profits were yielded by the property previous to the adjudication, and are unaccounted for, does not affect the validity of the sale.

In partition suit between co-heirs, the mortgages affecting the share of any one of them are referred to the proceeds, and either of them can, *by rule* against the mortgage creditors, have them so relegated and the inscriptions thereof erased from the mortgage book. Such creditors have the right to contest the validity of the sale in such cases.

This case is differentiated from that in Life Association vs. Hall, 33 An. 53.

A distribution proposed in the lower court and not disputed on appeal will not be disturbed.

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Livaudais, J.*

*Sambola & Ducros* for Plaintiffs and Appellants.

*Wilkinson & Armstrong* and *S. S. Carlisle, R. T. Beauregard, H. Chiapella* and *T. A. Flanagan, contra.*

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal from a judgment discharging a rule, taken to cancel morgage inscriptions, against the defendants in this suit (which is one of partition among co-heirs) and to distribute the proceeds among the mortgage creditors.

The plaintiffs and the defendants are the only heirs of age of their father and mother. The former, four in number, brought this suit against the remaining two for a partition by sale, the property not

being susceptible of a convenient division in kind and they being unwilling to hold and own the same any longer in common with their co-heirs.

The property consisted of two plantations: one in the Parish of Plaquemines, the other in the Parish of St. Bernard. The former was community property; the latter the individual property of the mother, who inherited it after her husband's death. The plantation in Plaquemines Parish is in part encumbered with a mortgage in favor of the Citizens' Bank, to secure stock and a stock note.

The defendants entered appearance, neither denying nor admitting the averments of the petition, but submitting the case, which was fixed.

On the day of trial, evidence was adduced contradictorily with an intervenor representing himself as a creditor of one of the defendants.

Judgment was rendered dismissing the intervention and ordering the sale of the two pieces of real estate, on certain terms, to effect a partition.

From this judgment the intervenor appealed, but failed to prosecute his appeal.

The two pieces of real estate were advertised and offered for sale. They were adjudicated to the plaintiffs, who subsequently took a *rule* against the mortgage creditors of the defendants to show cause why their mortgages should not be referred to the proceeds of sale of the shares of their debtors and the inscription thereof erased, so far as said shares are concerned, and why said proceeds should not be distributed among those entitled thereto.

The creditors excepted to the proceeding by rule and attacked the judgment and the sale made in furtherance thereof.

The District Judge maintained the proceeding by rule, but considering that the mortgage creditors could not be relegated to the proceeds, dismissed the rule.

## I.

There can be no doubt that, as the object in view is to give a clear title to the purchaser of property sold by authority of justice, the proceeding is in furtherance of the judgment rendered and is proper and legitimate.

It is unquestionable that the plaintiffs had the right to sue for a partition of the property which they held and owned in common with the defendants, although burdened as to the latter. Otherwise they would be bound to remain in indivision. R. C. C. 1289, 1311; 9 An. 212. If they had that right to sue, and the real estate could not be conveniently divided in kind, the property passed by the adjudication to the purchaser, and the plaintiffs had a right, in order to compel pay-

ment of the price, to demand that all mortgages be referred to the proceeds and that the inscriptions against the property, or any portion of it, be cancelled and erased. R. C. C. 1339.

It would be inflicting an unjustifiable hardship on the plaintiffs to require resort to other than summary process, in order to accomplish that purpose.

The proceeding is not a new one. It is invoked in cases of sales made in execution of money judgments, and sanctioned as fit and proper, at the instance of parties immediately concerned in such execution. 1 An. 330; 2 An. 650; 8 R. 129; 25 An. 146; 27 An. 292; 31 An. 859.

## II.

The defendants cannot be heard to attack the judgment of partition collaterally. They can assail it only on the face of the proceedings. If, as claimed, it was rendered on insufficient evidence and in disregard of the forms prescribed by law, the error, if any, could have been revised on appeal only. 14 An. 656; 22 An. 371. The court was competent, the proceedings are by petition and answer, and the judgment is in proper form. The answers are not a confession. 5 R. 448; 29 An. 558. They are signed by the defendants in proper persons. They purport neither to deny nor to admit any averment, but leave the whole matter to the determination of the court. They have put the case at issue just as it would have been had a judgment by default been taken, which would have thrown on plaintiffs the burden of proving the allegations in the petition as completely as if there had been a special denial of each and every one of them. C. P. 312; 16 L. 313. It is only after hearing evidence and an opposing intervenor that the court exercised its discretion and rendered the judgment already mentioned directing the partition. Least of all is that intervenor entitled to be heard to complain of the judgment. He was a party to it, and he should have prosecuted his appeal. He has not done so, and cannot urge presently the objections which he previously raised, which were overruled by the court, and which he has abandoned by his inaction.

## III.

Objections to the validity of such a sale surely can be set up by mortgage creditors ruled into court, as was the case in the present instance. 33 An. 873, 879.

The objections raised by the appellees are, substantially, that the proceedings are collusive and in fraud of the rights of the creditors of the defendants; that the terms of the sale were unauthorized and deterred bidders; that the property was adjudicated regardless of its

67

appraisement and value, and was sacrificed; that no price was paid by the adjudicatees, who are the plaintiffs in the suit, and that the revenues of the property are unaccounted for.

(a) If the judgment of partition was procured by ill practices, not patent on the record, it could have been annulled in a direct or, on proper allegations and showing, an injunction could have arrested its execution. C. P. 613; 30 An. 139. It certainly was irregular to attack it collaterally for such reason, in an answer to a rule for the cancellation of mortgage inscriptions. The testimony relied upon does not, however, establish that charge.

The adjudicatees, four co-heirs, plaintiffs in the partition suit, had a right to assemble and to determine upon the course they would adopt concerning the sale of the property; whether they would bid on it, purchase it, or, a stated price being reached, whether they would let it go. What they could do and did do, the creditors of the defendants could have done, but did not do. A consideration of their interest and the adoption of a line of conduct on the part of plaintiffs, is in no way reprehensible, but was perfectly legitimate. R. C. C. 1343, 2625; C. P. 688; 33 An. 1380.

(b) Whatever the terms were which the parties fixed, whether cash, or part cash and part on credit, no one can be heard to complain of. The law gives to such co-owners the right of fixing the terms which they think most advantageous. R. C. C. 1342, (Act of 1853, No. 190.) Those fixed for the Plaquemines Plantation are: the assumption of the Citizens' Bank debt, and the remainder cash. No other terms could have been fixed under execution against the defendants, whose creditors are now in court. C. P. 686.

(c) It has been often held that, in partition proceedings, it is unnecessary that the price of adjudication should bear proportion to the appraisement. A judicial sale to a co-proprietor, in a case of that description, need not bring the appraisement price in order that the sale may be valid, even where minors are co-proprietors. Such sales cannot be avoided on account of lesion. R. C. C. 345, 2594, 2616; 8 L. 179; 14 An. 154, 178; 15 An. 697; 30 An. 1013; 31 An. 574; 33 An. 52; Troplong 2, Vente, 856, 857, 873; 16 Duranton, 468; Pothier, Sale, 341.

(d) The adjudicatees were co-heirs in two solvent successions. They had the right to retain the price until their respective share of inheritance be definitely settled in the partition. R. C. C. 1343; 4 An. 8.

(e) Whether there were or not revenues, is not a fact upon which depends the validity of the sales of the two pieces of property. The

defendants in rule have another familiar remedy to reach such revenues, if they exist.

## IV.

The property having been regularly advertised, offered and adjudicated, the questions which now arise are, whether the judicial mortgages which the defendants in rule have against the property of their debtor can be referred to the proceeds of the sale, and whether the inscription thereof can be erased from the mortgage books in which they were recorded.

The appellants have referred the Court to many French authorities, all of which it is unnecessary to enumerate, and which leave no doubt on the subject. 12 Pothier Succ., Chap. 4, Art. 5, § 1, pp. 582, 583; Troplong Part. 1063 and 1064; Merlin Part. p. 320, § 6, Nos. 1 and 2; 2 Delvincourt, pp. 97 and 98; 3 Chabot Succ., 663, 670; 16 Duranton, No. 483; 11 Pothier Fiefs, p. 1, Ch. 5, Sec. 1, Art. 2; Sec. 3, p. 216, and others.

In 33 An. 53, this Court intimated that such might be the case. In 12 An. 236, it was decided that a judicial sale, made to operate a partition among co-heirs, has the effect of extinguishing mortgages given by some of the heirs on their undivided portions and transferring such mortgages to the proceeds of sale. The case is one in which the mortgage creditor could give a valid receipt, from which a discharge could result.

The proceeding termed *probate* in the opinion, was a suit in partition among co-heirs, as appears from the transcript in the case. See 9 An. 107, 212.

In partitions in kind the mortgages attach to the property allotted to the co-heir debtor. In partitions by sale the property of the co-heir debtor passes encumbered with the mortgage; but at the instance of any party interested in giving or receiving a clear title, or in having the proceeds distributed, the property transferred *cum onere* can be disencumbered and the mortgage shifted to the proceeds. See also, 27 An. 127; 26 An. 442.

There exists no discrepancy between this case and that of Life Insurance Association vs. Hall, 33 An. 53, in which this Court merely decided, that the general mortgage of a minor affecting the undivided share of a tutor in a piece of real estate could not, in a partition suit, be referred to the proceeds, so as to be extinguished on the tutor's receipt. That was the case of a minor's mortgage; this is the case of mortgages in favor of persons of full age. The law concerning minors provides that their general mortgage cannot be released otherwise than by a special mortgage. It may be, however, that if the price yielded by the share of the tutor, in that case, could have been legally received

by one, not the debtor himself, the mortgage might have been released. The difficulty in that case was the cancelling of the mortgage on payment of the price of the tutor's share to the tutor and debtor himself. Barnard vs. Erwin, 2 R. 417.

Such being the law, the mortgages of the defendants in rule, whatever they be, must be relegated to the proceeds.

The mode of distribution proposed to be made of those proceeds does not appear to have been disputed below, neither is it held by the appellees.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that the rule herein taken by the plaintiffs, for a cancellation of the mortgage inscriptions of the defendants in rule, and for a distribution of the proceeds of sale, be made absolute, and accordingly, that those inscriptions be erased, as far only as the shares of the defendants in the two pieces of property in question are concerned, and that the proceeds of said shares be applied in the manner contemplated by said rule, the appellees to pay costs in both Courts.

Poché, J., concurs in the decree.