Beltran vs. Gauthreaux et als.

## No. 9626.

### RAPHAEL BELTRAN vs. CHARLES GAUTHREAUX ET ALS.

In partition suits between co-owners, who are "of age and present," but who "cannot agree on the partition and mode of making it," the rules established by the Code relative to the partition of successions, are applicable, under the express terms of C. C. 1290.

Whether the judicial partition is made in kind or by sale, it is now settled that the mortgages and privileges created by one co-owner on his own undivided share, are transferred from the entire property to the share allotted to him, or, in case of sale, to his share of the proceeds.

After such a sale, when a rule is taken upon the mortgage creditor to show cause why his mortgage should not be cancelled and erased as affecting the property, the creditor cannot, in answer thereto, attack the validity of the judgment of partition, unless at least for absolute nullities.

The co-owners in partition suits have the perfect right to agree to submit the questions to the court, on issue properly joined, and the judgment of the court rendered, on such issue, according to law and evidence and not according to any consent, is not a consent judgment.

Parties have the right to waive delays with reference to submission of their causes and the signature of judgments therein, without impairing the validity of the proceedings. After judgment in partition and proceedings commenced in execution thereof by advertisement of the sale, a seizure under executory process by the mortgage creditor forms no obstacle to the sale, which proceeds, subject to the rights of the creditor, which, as shown, pass to his debtor's share of the proceeds.

There is nothing reprehensible in an agreement by which a party contemplating purchase at a judicial sale for cash, agrees with a third person that, if he acquires, he will sell to the latter on terms of credit—in absence at least of any evidence that the third person intended to bid at the sale or that the agreement was made with the purpose of preventing competition.

Where a man's wife has an interest in a suit, and where the husband has no separate interest therein, the latter cannot testify.

The share of the co-owner under a partition sale is only ascertained after deduction of his share of the costs of the proceeding, and the mortgage creditor must submit to such deduction.

APPEAL from the Twenty-second District Court; Parish of St. James. *Duffel*, J.

*James Legendre* and *St. M. Bérault* for Plaintiff and Appellee.

*Robt. G. Dugué* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.   The plantation involved in this controversy was owned' in indivision by plaintiff, Beltran, owner of one-half, and by four Gauthreauxs, all present and majors, as joint owners of the other half. The undivided half belonging to the Gauthreauxs was encumbered by a special mortgage and vendor's privilege for $8,500 held by Charles U. Gaudet.

On the 27th of March, 1885, Beltran sued the Gauthreauxs for a partition, alleging the impossibility of a partition in kind, and praying for a sale. The Gauthreauxs joined issue denying the necessity of the sale, submitting the question to the court, and praying for such judgment as the law and the nature of the case may require. Experts were appointed and reported, in substance, that the property could not be divided in kind. Judgment was rendered on March 31, 1885, homologating the report of experts and ordering the sale to effect partition. The defendants thereupon filed a written acquiescence in the judgment and consent to its immediate execution, whereupon the judgment was immediately signed.

On the same day Gaudet sued out executory process on his mortgage, under which the sheriff seized the property on April 7th, following. In the meantime, in execution of the judgment for partition, on April 1st, the plantation had been advertised for sale on May 2d, following, and on that day the sheriff adjudicated it to Beltran at the price of $11,000 cash. On the 4th of May, all the parties to the partition suit joined in a rule upon Gaudet, to show cause why the inscription of his mortgage and privilege as affect the property, should not be cancelled and erased, and why he should not be referred, for their satisfaction, to one-half the proceeds of the sale after deducting the costs and charges of the partition proceedings.

Gaudet opposed the relief sought, on the grounds :

1st. That the sale, even if a valid judicial sale, did not shift his rights from the property to the proceeds, but that the purchaser was bound to take the property subject to his mortgage and privilege.

2d. That the partition proceedings were consent proceedings, the sale a consent sale, and, on that ground, could not affect his mortgage and privilege.

3d. That, at the date of the sale, the property was under seizure on his executory process, which prevented any valid adjudication, because the property could not be delivered.

4th. That Beltran, the adjudicatee, was only a person interposed, the real purchaser being one Auguste Gauthreaux, who, owing to a previous agreement with Beltran, had been deterred from bidding at the sale, as he would otherwise have done.

5th. That he was not bound to bear any part of the cost of the partition proceedings, to which he was a stranger.

From a judgment making the rule absolute, Gaudet prosecutes the present appeal.

We shall consider the grounds of his opposition in the order above indicated.

## I.

On the question of the effect of judicial partitions by sale, on mortgages upon the share of one co-owner, the following principles are apposite. Art. 1289 C. C. declares: "No one can be compelled to hold property with another, unless the contrary has been agreed on, any one has a right to demand the division of a thing held in common, by the action of partition."

The absolute right of Beltran to require the partition cannot, therefore, be questioned, and could not be, in the slightest degree, affected by any mortgage which his co-owners might have placed upon their interest.

Judicial partitions are ordinarily made in kind; but Art. 1339 provided that, "When the property is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, etc."

The previous article 1338 had provided that, "In all judicial partitions where the property is divided in kind, the mortgages, liens and privileges existing against one of the co-proprietors, shall, by the mere fact of the partition, attach to the shares allotted to him by the partition, and cease to attach to the shares allotted to his co-proprietors."

It was not deemed necessary to provide that, in case of partition by sale, such mortgages should attach to the share of the proceeds coming to the co-proprietor liable for the same, because it seemed to be too clear a corrollary of the foregoing principle. For why should a difference be made? At all events this *hiatus* in the code has been filled up by a long and consistent course of jurisprudence, holding that, at least in succession partitions by sale, the property passes free from mortgages affecting the shares of co-proprietors, and that such mortgages are transferred to the shares of the latter in the proceeds. Succession of Pigneguy, 12 Rob. 450. Gilmore vs. Menard, 9 Ann. 212. Finley vs. Babin, 12 Ann. 236. Fabre vs. Hepp, 7 Ann. 9. Campbell vs. Woolfolt, 37 Ann. 320; 27 Ann. 125; 21 Ann. 253.

This is conceded, but it is claimed that the same rule does not apply to partitions between ordinary co-owners, But why? If the rule of Art. 1338 relative to partitions in kind applies, as has never been disputed, why should not its corrollary just enunciated apply also?

Besides, Art. 1,290 prescribes that, "All the rules established in the present chapter (of the partition of successions), with the exception of

that which relates to the collations, are applicable to partitions be-
tween co-proprietors of the same thing, when among the co-proprietors
any are absent, minors or interdicted, or when the co-proprietors of
age and present cannot agree on the partition and the mode of making
it;" within which last category, upon the face of the proceedings, the
present case falls. It should seem, therefore, very clear that the same
rule should apply to both cases.

In Life Association vs. Hall, 33 Ann. 53, we said : "Whether, in case
of a sale to operate a partition among co-heirs or any class of co-
owners, the mortgage creditors could be driven, against their will, to
accept the proceeds, in order to clear the property and pass it unen-
cumbered to the adjudicator, is a question that has not, that we know,
been as yet clearly adjusted ; but it does not now appear to us why it
should not be so, if the sale was truly a judicial one, made after com-
pliance with all legal requisites ; for it is manifest that the creditors,
having the ability to protect themselves by bidding on the property to
its value, etc., could be required to confine their mortgage to the pro-
ceeds of sale."

It must be admitted that the opinion referred to contained other ex-
pressions seemingly in conflict with the foregoing; but in the later
case of Bayhi vs. Bayhi, 35 Ann. 531, the foregoing quotation was re-
ferred to with approval, and it was then distinctly decided that in a
partition suit between co-heirs, by judicial sale, the mortgages affect-
ing the share of one of them, can, on rule against the mortgages, be
relegated to the proceeds, and their inscriptions cancelled against the
property. That case is conclusive on the point, because, although the
parties were co-heirs, they were co-heirs in possession, and, therefore,
simple co-proprietors, and the proceeding had no probate character.
The same fact also existed in the case of Finley vs. Babin, 12 Ann.
236, which is a further authority directly in point.

We consider the conclusion thus reached, in thorough harmony with
the textual provisions of our law, with jurisprudence, with public in-
terest and with reason and justice.

We find no hostile authority. The cases relied on from 26 Ann. 690
and 31st Ann. 798, when analysed, are clearly inapplicable; and the
dictum in Freret vs. Freret 31 Ann. 506 that "partition suits between
co-proprietors, when they are present, or majors, or not interdicts, are
not governed by the rules established in that section for the partition
of successions," is *obiter* and evidently uttered with exclusive reference
to the question of jurisdiction and is in conflict with the plain terms of

Art. 1290, which expressly extended those rules to partition suits between co-proprietors of age and present, when they "cannot agree on the partition or on the manner of making it." We have thus taken occasion, very carefully, to again examine and settle this vexed question.

A contrary conclusion would have, in effect, paralyzed the right of the co-owner to terminate the indivision of property, guaranteed by Art. 1289 C. C., at least in every case where sale was essential and where the share of the other co-owner was burdened by mortgages exceeding its value. Nor can we see any harm accruing to the mortgage-creditor, from the partition by sale, since it gives him the advantage of having the entire property sold, which is much more likely to bring full value, than a sale of an undivided interest.

## II.

The charge that the partition proceedings were collusive and, in their nature, mere consent proceedings, has no merit, and is fully disposed of by the Bayhis case, which held, first that, in answer to a rule precisely like the one before us, the validity of the judgment of partition could not be assailed; second, that the parties, plaintiff and defendant, in a partition suit, had a perfect right to submit the issues to the determination of the court, and that, whatever might have been the common desire of the parties, yet, if the issue was properly formed and determined by the court, not according to consent of parties, but according to law and evidence, the judgment so rendered is not a consent judgment. Such was the case here; and it matters not what the relations of the attorney of defendants were to the other parties; if he had the authority of defendants to place the case at issue and if the judge decided it on the law and evidence, that is all that is required. What concern has the appellant with the waiver of delays made in the case, or with the rapidity with which the proceedings were conducted? The sale was made in full conformity to all the requirements of law, and that is the only matter with which he had any concern.

## III.

The seizure under appellant's executory process, made after the court had rendered its decree ordering the property to be sold, surely could not interfere with the execution of that judgment, which was already in progress under pending advertisements. This would be a new mode of enjoining the execution of judgments.

Ownership and not possession is the basis of partition. C. C. 1324. The sale takes place subject to the rights of the seizing creditor, and

those rights we have just defined. See Citizens' Bank vs. Ferry, 32 Ann. 310.

## IV.

We cannot see what concern the appellant has with the question of whether Beltran was the real purchaser or only a person interposed, since it is not pretended that he represents any of appellant's debtors. He would have no greater rights, under our law, against the adjudicatee, for whom he claims Beltran was interposed, than against Beltran himself.

So far as the evidence in the record is concerned, there is none establishing any combination between Beltran and Gauthreaux operating to prevent bidding at the sale. It does not appear that Gauthreaux ever intended, or was able, to bid at the sale, which was for cash. It is merely proved that Beltran had agreed with Gauthreaux (who had no connection with the parties to the partition suit) that, if he bought and his title proved good, he would sell to Gauthreaux at an agreed price and on terms of credit. There is nothing illegal in this.

The evidence of Poirier, the husband of one of the defendants in the partition suit, was properly excluded. His wife was a party to and interested in the issue, and Poirier had no separate interest therein. Therefore, under article 2281, he was clearly an incompetent witness.

## V.

Finally, we see not how the share of appellant's debtors, which passes to the satisfaction of his mortgage, can be ascertained without first deducting their share of the costs of the partition suit and sale. The judgment so decrees, and these costs were necessary to realize the proceeds, which go to the satisfaction of his debt. Surely Beltran cannot be made to pay them either as party or as purchaser.

We find no error in the judgment.

Judgment affirmed.