(70 South. 334)

No. 21563.

Succession of WILLIAMS et al.

(Nov. 15, 1915. Rehearing Denied Dec. 13, 1915.)

*(Syllabus by the Court.)*

1. SEQUESTRATION ⊗═20—BOND TO RELEASE PROPERTY—OBLIGATION OF SURETY.

The obligation of a bond, given for the release of landed property seized under a writ of judicial sequestration, is to be construed with reference to the law under which it is given, and, so construed, obligates the surety to prevent the defendant from wasting the property, and to secure the restitution of the fruits, or their value, in the event that the defendant is cast in the suit.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. ⊗═20.]

2. SEQUESTRATION ⊗═20—BOND TO RELEASE PROPERTY — LIABILITY OF SURETY — ESTOPPEL.

Where the principal upon a bond given for the release of landed property from sequestration, being one of the heirs of the succession to which the property belongs, sells the timber from the land for an amount exceeding his share in the succession, and appropriates the proceeds, and the surety, being called upon, in a proceeding instituted by the other heirs for a partition, by licitation, to account for the property in its condition at the time of the sequestration, and to pay the value of the timber, sold therefrom, by his principal, pays the amount called for by the bond under a judgment, from which he takes no appeal, he has no standing thereafter to demand the reimbursement of the amount so paid, whether by direct action or by enforcing against the property of the succession a mortgage imposed thereon by his principal to indemnify him against the liability incurred in signing the bond.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. ⊗═20.]

3. PARTITION ⊗═88—PROCEEDS OF SALE—CANCELLATION OF MORTGAGE.

Where, in a proceeding for partition by licitation, the property has been sold, the holder of a mortgage, imposed thereon by one of the heirs, may be brought into court by rule for the release of such mortgage, since the clearing of the title of the property sold is an essential part of such proceeding; and, if it appears that the mortgagor has no interest in the proceeds, and is a debtor of the succession, the mortgage may be canceled, without referring the mortgagee to the proceeds.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 254; Dec. Dig. ⊗═88; Mortgages, Cent. Dig. § 258.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

In the matter of the succession of David Williams and another. Rule by certain children of deceased, to require David F. Williams and the National Surety Company to show cause why property which had been sequestered and released should not be produced. Judgment for plaintiffs in rule, and the defendant surety company appeals. Modified and affirmed.

Grant & Grant, of New Orleans, for appellant. Guy J. Ray, of New Orleans, for appellees.

**Statement of the Case.**

MONROE, C. J. David F. Williams, Sr., died in 1887, leaving a widow in community and six children, also a will, which was admitted to probate at the instance of his two sons, David F. Williams and John D. Williams, who, claiming thereunder, took possession of most of the estate, including 560 acres of land in Livingston parish, the timber upon which they subsequently contracted to sell to the Pennawick Lumber Company for $8,000. At that juncture the other four children, or their heirs, brought suit to annul the will, and incidently obtained a writ of judicial sequestration, under which the land was taken into the custody of the sheriff. David F. Williams was, however, allowed to obtain its release upon giving a forthcoming bond in the sum of $2,500, with the National Surety Company as surety thereon, and he proceeded to complete the contract with the Pennawick Lumber Company by delivering the timber to that company and receiving the

price. He, also, about that time gave to the surety company a mortgage on the land to indemnify it against its liability as surety on the forthcoming bond. The action for the nullity of the will resulted in a judgment for plaintiffs, whereby the children of the decedent, or their heirs, respectively, were recognized as inheritors of the land in question, in the proportion of one-sixth to each child, and a suit for its partition (as, also, for the partition of the other property of the succession and of the succession of Mrs. Williams, who at that time had likewise departed this life) was instituted, and prosecuted to a final judgment, which decreed a partition by licitation, referred the parties to a notary for its completion, and reserved their rights as to collation. The judgment in question was signed on September 11, 1914, and on September 16th following the plaintiffs in the proceeding ruled David F. Williams and the National Surety Company into court, to show cause, on September 25th, why the property which had been sequestered and released should not be—

"produced in the condition in which the same was at the time of the issuance of said writ of judicial sequestration, * * * or, in the event of the removal of said property, or any portion thereof, why the value, as set out in said bond and as admitted in these proceedings, should not be produced and paid into court, in accordance with the conditions of said bond, all for the purpose of hereafter effecting a partition among the movers herein and the parties in interest, pursuant to the decree of the Supreme Court, and in accordance with the judgment of partition rendered in these proceedings."

The rule was served on the surety company on September 16, 1914, and, though the record does not show that it was thereafter disposed of, it does show that the land described in the rule was sold under the judgment ordering the partition, and that the proceeds were made the subject of the partition in the act before the notary, and the fact remains that the surety company was made a party to the partition proceedings. Another rule was taken, in which the com-

138 LA.—13

pany was again required to show cause why it should not produce and deposit with the notary, "for the benefit of the movers, as set out in the partition before said notary, the value of the timber, * * * in accordance with and under the terms and conditions as set forth in the forthcoming bond executed by said David F. Williams and the National Surety Company, * * * as above set forth," etc., which rule having been made absolute by judgment of court, the surety company took no appeal, and paid the $2,500 called for by the bond. The property of the succession having been sold at auction, the act of partition was executed before the notary, and, with an amendment was homologated by the court, the result, so far as David F. Williams was concerned, being, that he was required to collate $8,000, as the amount that he had received for the sale of the timber on the land in Livingston parish, and $890, which he had received by way of rents from other succession property, and, after receiving the credits to which he was entitled, he was found to be indebted to the succession in the sum of $4,545, or $2,045 in excess of the amount covered by the bond. The adjudicatees of the land in Livingston parish then ruled the surety company into court to show cause why the mortgage which David F. Williams had assumed to impose thereon, in favor of said company, should not be canceled, to which the company answered, in effect, that the land was sold without notice to it; that the adjudicatees acquired it subject to the mortgage; that the sequestration and forthcoming bond included both the land and the timber; and that, the entire property having been released, upon the giving of the bond, at a valuation fixed by the court, Williams, to whom it was released, was at liberty to mortgage or otherwise deal with it as he pleased; that movers are estopped to contest the extent of the sequestration, or the valuation of the proper-

ty sequestered; that, respondent having satisfied the judgment for the $2,500 called for by the bond, movers cannot be heard to demand the cancellation of the mortgage on the property. And the prayer of the answer is that the mortgage be recognized as valid and the property decreed subject to sale, in satisfaction thereof, free of any incumbrance resulting from the adjudication in the partition proceedings, and that respondent have judgment against the movers in the rule, in solido, in the sum of $2,500, with interest and costs. There was judgment in the district court for plaintiffs in rule, and the defendant surety company prosecutes the appeal.

### Opinion.

[1–3] The bond here in question is to be construed with reference to the law under which it was given, and which reads:

"As regards landed property, the security is given to prevent the defendant while in possession, from wasting the property, and for the faithful restitution of the fruits that he may have received since the demand, or of their value, in the event of his being cast in the suit." C. P. art. 281.

The obligation of the surety in this case, therefore, was to secure the restitution of the timber that was taken from the land, or to pay so much of its value as was covered by the bond; and, in accordance with a judgment, rendered contradictorily with it and from which it took no appeal, it made that payment. Hence it has no standing to demand reimbursement from those to whom the payment was made, and no better standing to enforce such reimbursement through the mortgage here set up than through a direct action, since the mortgage could only, at most, have attached to the share of the mortgagor, to be ascertained in the settlement of the succession, and since it appears from that settlement that he had already received his share, and more, it follows that

the mortgage, in legal contemplation, rests upon nothing.

Under the law as it stood prior to the passage of Act No. 86 of 1896, in all judicial partitions, by licitation, or in kind, privileges and mortgages which were recorded against the shares of the respective coproprietors, or coheirs, attached, by the mere fact of the sale or partition, to such shares, respectively, in the proceeds of the property, or the property itself, and were of right canceled, as to the shares of the other coproprietors, or coheirs. Morris v. Lalaurie et al., 39 La. Ann. 47, 1 South. 659. The act of 1896 contains a provision to that effect applicable to "all judicial partitions where the property is divided in kind," and it contains the further provision:

"That in all judicial partitions, where a partition is made by licitation, the mortgages, liens and privileges existing against any one or more of the coproprietors, shall be by order of court transferred to the proceeds of sale in the hands of the notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, either before the notary or before the court, as may be necessary, provided the holders of such mortgages, liens and privileges be made parties to such judicial partition."

It will be observed that the paragraph does not require that the holders of liens, mortgages, and privileges against the shares of particular co-owners shall be made parties to the partition proceeding, but contemplates that, if they are made parties, their liens, etc., "shall be, by order of the court, transferred to the proceeds," etc. In the instant case the surety company, asserting a mortgage, was made a party to the partition proceeding: First, by the rule calling on it to produce, for the purposes of the partition, the property which had been released on the bond, "in the condition in which the same was at the time of the issuance of the said writ of judicial sequestration"; second, by the rule calling on it to pay into court, for the purposes of the partition, the $2,500 called for by the bond; and, third, by the rule

to cancel the mortgage which it here asserts, and from the judgment upon which it prosecutes this appeal. It is true that, up to the rendition of that judgment, the district court had made no specific order for the cancellation of the mortgage here in question, or the transfer of the claim of the mortgagee to the proceeds, but that is no reason why the order should not have been made as and when made, since the clearing of the title of the property sold is an essential part of a partition proceeding and the proceeding by rule for that purpose has been recognized and sustained by this court. Bayhi v. Bayhi, 35 La. Ann. 527. It is said, however, that the judgment appealed from does not transfer the mortgage to the proceeds, but orders it canceled, which is true. But that was because there were no proceeds to which it could attach, since, upon the settlement of the succession, in which the title of the property was vested, and, for the purpose of such settlement, it was found that the mortgagor had no share of the proceeds coming to him, but had already received more than his inheritance.

We, therefore, conclude that the judgment appealed from is correct, and should be affirmed, and it is so ordered.