320 So.2d 597 (1975)
Augusta SUTTON
v.
Jeannette Laphand Sutton, wife of Augusta SUTTON.
No. 6902.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Rehearing Denied November 11, 1975.
*598 Plauche F. Villere, Jr., New Orleans, for plaintiff-appellant.
J. Robert Hoepffner, Richards & Hoepffner, New Orleans, for defendant-appellee.
Before REDMANN, SCHOTT and MORIAL, JJ.
REDMANN, Judge.
Plaintiff appeals from the trial court's refusal to cancel defendant's judicial mortgage as against property plaintiff bought at a public partition sale conducted without notice to defendant. We affirm.
The sale was conducted to partition the former marital community of plaintiff and his ex-wife. Plaintiff ex-husband had granted a recorded conventional mortgage upon the specific community property during the marriage. The ex-wife, by being cast in judgment for her separate debt, allowed a judicial mortgage (C.C. 3321) to be created upon the judgment's recordation, effective against her undivided half of the now simply co-owned, but formerly community property. But these two mortgage creditors were not made parties to *599 the partition proceeding. The sale was made for substantially less than the amount owed on the conventional mortgage (although plaintiff ex-husband remains personally liable on that debt).
La. Acts 1896, No. 86 amended C.C. 1338 to provide in its last sentence:
"That in all judicial partitions, where a partition is made by licitation, the mortgages, liens and privileges existing against any one or more of the co-proprietors, shall be by order of Court transferred to the proceeds of sale in the hands of the Notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, either before the notary or before the court, as may be necessary, provided the holders of such mortgages, liens and privileges be made parties to such judicial partition."
Because the defendant mortgagee was not made a party to the judicial partition, there is no authority for the transferring of defendant's judicial mortgage claim to the proceeds and the mortgage therefore remains effective against the ex-wife's undivided half of the property. Mortgage is a real right, following the immovables subjected to it "into whatever hands they pass," C.C. 3282 (presuming recordation, to affect third persons, C.C. 3342). The general rules for extinction of mortgage are provided by C.C. 3411. C.C. 1338 provides a special rule for declaring mortgage-holders deprived of their security. Since art. 1338 does thus affect property rights of the mortgagee, it must be strictly construed, and anyone claiming by its provision the extinction of a mortgage must show compliance with its proviso that the mortgagee be made a party to the judicial partition (to make certain that he know of the judicial sale and be able to bid to protect his interest).
Plaintiff's argument that the property's market value was less than the earlier-recorded conventional mortgage, and that therefore defendant has suffered no real loss, is in principle rejected by Quality Fin. Co. of Donaldsonville, Inc. v. Bourque, La.1975, 315 So.2d 656. Inferior mortgages cannot be extinguished except as provided by law. The law provides for extinguishment by partition sale only if the mortgagee was made a party to the partition.
Affirmed.
MORIAL, J., dissenting with written reasons.
MORIAL, Judge (dissenting).
Plaintiff obtained a divorce on July 18, 1973. Subsequently, he petitioned for a partition by licitation of the community property. On the mortgage certificate obtained by the Civil Sheriff for the Parish of Orleans two inscriptions appeared: (1) Mortgage in favor of Collateral Investment Co. in the amount of $15,000.00 plus interest, etc., dated November 16, 1967; and (2) Judgment against Jeannette Laphand Sutton in favor of Bank of Louisiana in New Orleans in the sum of $1,316.97 plus interest, etc., Civil District Court No. 548-420 dated March 28, 1973. It is conceded that this judicial mortgage resulted from the separate indebtedness of the former wife. No holder of any mortgage, lien, or privilege was made a party to the partition proceedings. At the licitation sale which complied with all the requisites of law the property was adjudicated to plaintiff for $6,500.00. Plaintiff retained in his hands the amount of the purchase price and paid the Sheriff the costs of the sale.
Plaintiff petitioned for a writ of mandamus to have the Recorder of Mortgages for the Parish of Orleans cancel the judicial mortgage in favor of the Bank of Louisiana in New Orleans insofar as it applies to the immovable property he acquired at the Sheriff's sale. Bank of Louisiana in New Orleans was served and appeared.
*600 The district court relying on C.C.P. Article 2337 declared the sale a nullity and denied the writ of mandamus.
C.C.P. Article 2337 governs judicial sales under a writ of fieri facias or a writ of seizure and sale. See C.C.P. Article 2724. Partition sales are regulated by the rules established in R.C.C. Article 1289 et seq., and C.C.P. Article 4601 et seq. These rules also apply to partitions between ordinary co-owners. R.C.C. Article 1290; Beltran v. Gauthreaux, 38 La.Ann. 106 (1886).
Plaintiff is not a seizing creditor and, therefore, Creech v. Capitol Mack, Inc., 287 So.2d 497 (La. 1974) is inapplicable. He has an absolute right to sue for a partition by licitation of the property which he held as co-owner with his former wife. R.C.C. Article 1289. This right prevails even though the community property of the former spouse is encumbered with mortgages or the community is insolvent. Rhodes v. Rhodes, 190 La. 370, 182 So. 541 (1938). Therefore, the absolute right of plaintiff to require a partition cannot be questioned or affected, in the slightest degree, by any mortgage which is placed upon the interest of a co-owner. Bayhi v. Bayhi, 35 La.Ann. 527 (1883). Otherwise, plaintiff would be bound to remain in indivision with his former spouse.
It must now be determined whether the judicial mortgage in favor of the Bank of Louisiana in New Orleans, insofar as it applies to the immovable property, was canceled as a result of the partition sale. The answer to this question is found in the various decisions which are predicated on R.C.C. Articles 1290, 1338 and 1383.
The principle that in a partition by licitation "the mortgages attach to the share of the proceeds coming to the co-proprietor liable for the same" was recognized in Beltran v. Gauthreaux, supra, which affirmed those principles predicated on R.C.C. Articles 1338 and 1383 announced in Life Association v. Hall, 33 La.Ann. 49, 53 (1881) and Bayhi v. Bayhi, 35 La.Ann. 527, 531 (1883). See Morris v. Lalaurie, 39 La.Ann. 47, 1 So. 659 (1887). However, Act No. 86 of 1896 amended and reenacted the original text of R.C.C. Article 1338 to add the following:
"That in all judicial partitions, where a partition is made by licitation, the mortgages, liens and privileges existing against anyone or more of the co-proprietors shall be by order of Court transferred to the proceeds of sale in the hands of the Notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, either before the Notary or before the court, as may be necessary, provided the holders of such mortgages, liens and privileges be made parties to such judicial partition."
In Succession of Williams, 138 La. 383, 70 So. 334, 336 (1915) the Court in commenting on the language added to R.C.C. Article 1338 by Act No. 86 of 1896 stated:
"It will be observed that the paragraph does not require that the holders of liens, mortgages, and privileges against the shares of particular co-owners shall be made parties to the partition proceeding, but contemplates that, if they are made parties, their liens, etc., `shall be, by order of the court, transferred to the proceeds,' etc."
Therefore, the earlier rule predicated upon the interpretations of R.C.C. Articles 1338 and 1383 enunciated in Beltran v. Gauthreaux, supra; Life Association v. Hall, supra; and Bayhi v. Bayhi, supra, that in a partition suit between co-proprietors, by judicial sale, the mortgages affecting the share of one of them can be relegated to the proceeds, and their inscriptions against the property canceled remain unaffected where, as here, the holder of the mortgage, lien, or privilege is not made a party to the partition proceeding. In Schoeffner v. Schoeffner, 167 La. 208, 118 So. 890 (1928) the lienholder was not a party and the property was cleared of a *601 paving lien at an auction to effect a partition sale and passed unencumbered to the plaintiff co-owner.
The judicial mortgage of the Bank of Louisiana in New Orleans was transferred to the shares of its judgment debtor in the proceeds of the partition sale. That plaintiff did not seek to have the judicial mortgage transferred to the proceeds to which it could attach is true. Apparently, that is because there are no proceeds to which it could attach. Since there are no proceeds, the plaintiff is entitled to receive the property purchased by him free from the encumbrance. See Beltran v. Gauthreaux, supra; Succession of Williams, supra; Schoeffner v. Schoeffner, supra.
Under the circumstances, to permit a judicial partition to be declared a nullity would, in effect, paralyze the right of a co-owner to terminate the indivision of property guaranteed by R.C.C. Article 1289, at least in every case where the sale was essential and where the share of the other co-owner was burdened by mortgages.
For the foregoing reasons, I respectfully dissent.