CHIASSON, Judge.
This is a suit for the partition of community property. The trial court ordered the community property sold at public auction which was carried out by the sheriff. The notary appointed by the court filed a proposed plan for distribution of the proceeds belonging to the community. Plaintiff-appellant, Faye G. Latuso Sylvester, filed an opposition to the proposed distribution which was overruled by the trial court.
The sole issue on appeal is whether the funds derived from the judicial sale of the community property can be used to pay the mortgage indebtedness existing on the property sold. We answer in the affirmative.
The property sold was community property and the mortgage existing thereon was a community indebtedness.
La.CC arts. 2403 and 2409 provide that the debts of the community are to be subtracted from the community assets before any distribution can be made to the spouses. See also: Tomme v. Tomme, 174 La. 123, 139 So. 901 (1932); Pennison v. Pennison, 249 La. 587, 187 So.2d 747 (1966).
Appellant argues that La.CC art. 1338 prevents the distribution of the proceeds to the mortgagee of the community property because it was not made a party to the partition suit. The pertinent portion of La.CC art. 1338 is as follows:
“. . . That in all judicial partitions, where a partition is made by licitation, the mortgages, liens and privileges existing against any one or more of the co-proprietors, shall be by order of Court transferred to the proceeds of sale in the hands of the Notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, *176 either before the notary or before the court, as may be necessary, provided the holders of such mortgages, liens and privileges be made parties to such judicial partition. . . . ”
Appellant has misinterpreted the provisions of La.CC art. 1338. We are not dealing herein with the type of security, if any, the mortgage holder possesses, but only with the payment of a valid, enforceable debt against the community. The case of Sutton v. Sutton, 320 So.2d 597 (La.App. 4th Cir. 1975), relied upon by appellant, is not contrary. La.CC art. 1338 provides a special rule for declaring mortgage holders deprived of their security, not of the indebtedness. If, as was done in this case, the mortgagee is not made a party to the partition, the mortgagee can look to the proceeds of this sale, the mortgagors and the property to satisfy the debt.
For these reasons, we affirm the decision of the trial court at appellant’s cost.
AFFIRMED.