388 So.2d 435 (1980)
Dudley C. BEENE, Plaintiff-Appellant,
v.
Clara Columbia Geottell WILBUR, Defendant-Appellee.
No. 14206.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
Glen H. Smith, Shreveport, for plaintiff-appellant.
James L. Fortson, Shreveport, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
*436 HALL, Judge.
Plaintiff, Dudley C. Beene, filed suit seeking to set aside a sheriff's sale made in an executory proceeding brought by defendant, Clara Columbia Geottell Wilbur, to foreclose a mortgage affecting an undivided one-half interest in property owned by the plaintiff, at which sale the undivided interest in the property was purchased by defendant. Essentially, the grounds alleged by plaintiff for setting the sale aside are that defendant's mortgage, granted by Edward W. Wilbur at a time when Wilbur owned an undivided one-half interest in the property, was extinguished under LSA-C.C. Art. 1338 when the property was sold at a previous sheriff's sale held to effect a partition by licitation between plaintiff and Wilbur, at which sale the property was purchased by plaintiff.
Defendant filed exceptions of no cause and no right of action and a motion for summary judgment. After a hearing on the exceptions and the motion, the trial court held that since defendant, the mortgage holder, was not made a party to the partition suit, her rights were not transferred to the proceeds of the licitation sale and her mortgage remained effective against the undivided one-half interest. The trial court further held that since plaintiff did not seek to enjoin the sheriff's sale held in the foreclosure action, he cannot assert the invalidity of the sale in this proceeding. Finding the exceptions should be sustained, the trial court held the motion for summary judgment was moot. From a judgment sustaining the exceptions of no cause and no right of action and dismissing the plaintiff's suit, plaintiff appealed.
The allegations of the petition, together with the judicial proceedings referred to in the petition, disclose the following facts. In June 1977, Edward W. Wilbur filed suit against Dudley C. Beene to partition the property by licitation. At that time the plaintiff and defendant each owned an undivided one-half interest in the property. Wilbur's undivided one-half interest was encumbered by a special mortgage in the amount of $10,000 granted by him in favor of his mother, Clara Columbia Geottell Wilbur, in April 1977. On May 10, 1978, the property was sold at public sale to effect the partition to Dudley Beene for a price of $15,100. The mortgage certificate obtained by the sheriff reflected the $10,000 mortgage. Mrs. Wilbur, the mortgagee, was not made a party to the partition suit. The proceeds of the sale, less costs, were paid by the purchaser to the sheriff.
On June 14, 1978, the notary public appointed to effect the partition filed a tableau of proposed distribution proposing to distribute the purchase price, after deduction of costs, one-half to Dudley C. Beene and one-half to Clara Wilbur as holder of the mortgage affecting the undivided one-half interest formerly owned by Edward Wilbur, and seeking an order cancelling or releasing the mortgage insofar as it affected the property sold at the partition sale. On July 12, 1978, Clara Wilbur intervened in the partition suit opposing the tableau of proposed distribution and particularly the cancellation of her mortgage since the amount proposed to be paid to her ($7,152.33) was insufficient to satisfy the mortgage indebtedness.
On June 27, 1978, Clara Wilbur, represented by Edward W. Wilbur as her agent and attorney-in-fact, filed suit against Edward Wilbur to foreclose the mortgage by executory process, alleging the full amount of $10,000 plus interest was past due and unpaid. Dudley Beene intervened in the foreclosure suit alleging entitlement to any proceeds of the sheriff's sale and also filed an exception of no cause or right of action. He did not seek to enjoin the sale and in due course on September 20, 1978, the undivided one-half interest in the property was sold at sheriff's sale without benefit of appraisement to Clara Wilbur for $500.
On May 16, 1979, Edward Wilbur, Dudley Beene, and Clara Wilbur filed a joint motion in the partition suit authorizing the distribution of the funds held by the notary one-half to Beene and one-half to Wilbur, reserving the right to Beene to challenge the executory proceeding and to seek cancellation of the mortgage. On May 29, 1979, Beene filed the instant suit seeking to set aside the sale held in the executory *437 foreclosure proceeding on September 20, 1978, and to be declared the true and lawful owner of the property.
The essential issue raised on appeal is whether defendant's mortgage affecting an undivided one-half interest in the property was extinguished by the sheriff's sale held to effect a partition by licitation of the property between plaintiff and Edward Wilbur. We hold that under LSA-C.C. Art. 1338 and Sutton v. Sutton, 320 So.2d 597 (La.App.4th Cir.1975), since the mortgage holder was not made a party to the partition suit, the mortgagee's rights were not transferred to the proceeds of the sale which were insufficient to satisfy the mortgage indebtedness, and the property passed to the purchaser at the sale subject to defendant's mortgage, which was unaffected by the partition sale and remained in full force and effect as to the undivided one-half interest covered thereby. It follows that the mortgage was enforceable by foreclosure under executory process and the sheriff's sale held thereunder was valid.
The last sentence of LSA-C.C. Art. 1338, added by amendment in 1896, provides:
"That in all judicial partitions, where a partition is made by licitation, the mortgages, liens and privileges existing against any one or more of the coproprietors, shall be by order of Court transferred to the proceeds of sale in the hands of the Notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, either before the notary or before the court, as may be necessary, provided the holders of such mortgages, liens and privileges be made parties to such judicial partition."
In Sutton, the court held that a mortgage is extinguished by a partition sale only if the mortgagee was made a party to the partition. The court refused to order cancellation of a judicial mortgage affecting one co-owner's undivided one-half interest in the property where the mortgage holder was not made a party to the judicial partition. The court noted that a mortgage follows the immovable subject to it into whatever hands the immovable passes, LSA-C.C. Art. 3282, and that the special rule provided by LSA-C.C. Art. 1338 which would deprive a mortgage holder of its security must be strictly construed. The court noted that the reason for the provision that the mortgagee be made a party to the judicial partition is to make certain that the mortgage holder knows of the judicial sale and is able to bid to protect his interest.
The Sutton case is in point, correctly interprets LSA-C.C. Art. 1338, and is determinative of the issue presented by the instant case. Earlier cases decided prior to the 1896 amendment and later cases not directly involving the issue presented by this case, cited by plaintiff, are inapposite.
Plaintiff argues that notice to the mortgage holder of the pendency of a partition suit is the essence of the code article and since it is alleged that defendant had notice of the partition suit, the provisions of the article apply and she is relegated to the proceeds of the sale. This argument ignores the plain and unambiguous language of the article which relegates a mortgage holder to the proceeds of a sale only when the mortgagee is "made a party to the suit." Notice alone, when the mortgagee is not made a party to the partition suit, is insufficient to trigger the provisions of the code article. Relying on the express language of the article, a mortgage holder is not required to intervene in such a suit or to bid to protect his interest, because the suit and sale pursuant thereto does not affect the mortgage, unless the mortgagee is actually made a party to the suit.
Plaintiff also argues that in this case the defendant-mortgage holder intervened in the partition suit and claimed the proceeds of the licitation sale. The pleadings in the partition suit, referred to in plaintiff's petition, belie this argument. Defendant intervened after the sale only to oppose the notary's tableau of distribution which proposed payment to her of her mortgagor's share of the sales price (less than the amount due on the mortgage) and cancellation of the mortgage. LSA-C.C. Art. 1338 contemplates that the mortgagee be made a party to the suit prior to the sale in order that the mortgagee may protect himself *438 by bidding at the sale. Where the mortgagee is made a party to the suit or intervenes after the sale, the mortgage is extinguished by payment only if the mortgagee claims the proceeds and those proceeds are sufficient to discharge the mortgage.
Here, the plaintiff could have protected himself from the outset by making the mortgagee a party to the partition suit.
Plaintiff further points out the peculiar circumstances of this case that the co-owner and mortgagor of the property, Edward Wilbur, was the defendant's son, and acted for defendant as her agent in bringing the foreclosure suit. However, there are no allegations that the mortgage was not bona fide or was not in arrears at the time the foreclosure suit was brought. There are no allegations of fraud or collusion on the part of the defendant.
Summary judgment may have been the more appropriate procedural vehicle for disposition of this case. In any event, the judgment of the district court dismissing plaintiff's suit is correct and is affirmed at appellant's costs.
Affirmed.