LOTTINGER, Judge.
This appeal arises from a judgment distributing the proceeds of a judicial sale pursuant to an order to partition by licitation certain immovable property.
FACTS
On September 14, 1979, the community of acquets and gains between Thomas Nelson and Rosetta Jackson Nelson was terminated via a judicial separation from bed and board. On February 29, 1980, Ms. Nelson sold her undivided one-half interest in the family home to Humphrey Olinde. The home was former community property, and, at the time, no property settlement or partition had been perfected by the spouses. On December 14, 1983, Thomas Nelson, as owner of the other undivided one-half interest in the home, filed suit to partition the property. The trial judge ordered the property partitioned by licitation, and appointed a notary to propose a distribution of the proceeds from the sale.
Pursuant to the court, order, a public auction was held, and the property was purchased by Mr. Nelson for $54,300. At the time of the sale, the property was bur *488 dened with a mortgage securing a community debt of the Nelsons in the amount of $27,440.49.
After the costs of the sale were satisfied, the remaining proceeds were divided equally between Nelson and Olinde. Nelson was granted a credit for maintenance and preservation of the premises, as well as mortgage payments made by him from October 14, 1983 to the date of the sale.
Thereafter, in order to satisfy the debt secured by the mortgage on the property, the parties were each required to satisfy one-half of the debt from his share of the proceeds. This, combined with the above mentioned credits to Nelson, depleted Olinde’s share of the proceeds, so that he received nothing for his one-half interest in the property. The mortgagee was never a party to the proceedings.
ASSIGNMENTS OF ERROR
Because he received nothing, Olinde has appealed, asserting the following as errors by the trial judge:
(1) in allowing funds due and owned by Olinde to satisfy Nelson’s obligation; and
(2) in allowing Nelson to assert the rights of the third party mortgagee.
ASSIGNMENT OF ERROR NO. 1
Olinde objects to the trial court’s application of his share of the proceeds to satisfy Nelson’s indebtedness when the mortgagee was not a party to the proceedings. Olinde contends that under La.Civ.Code art. 1338, since the mortgagee was not a party to the proceedings, its rights were not transferred to the proceeds of the sale, and it was error to pay the debt owed the mortgagee from the proceeds of the sale.
Louisiana Civil Code article 1338, in pertinent part, provides as follows:
That in all judicial partitions, where a partition is made by licitation, the mortgages, liens. and privileges existing against any one or more of the co-proprietors, shall be by order of Court transferred to the proceeds of sale in the hands of the Notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, either before the notary or before the court, as may be necessary, provided the holders of such mortgages, liens and privileges be made parties to such judicial partition.
However, this article does not, as suggested by Mr. Olinde, preclude the payment of a mortgaged indebtedness when the mortgagee is not made a party to the proceedings. Article 1338 simply provides that the rights of “all creditors” are reserved on the proceeds of the sale, but deprives “the holders of mortgages, liens and privileges” of their secured status on the proceeds, when such secured creditors are not a party in the proceeding. The article pertains to a loss of security regarding the proceeds of a sale and nothing therein prohibits the satisfaction of a secured debt from the proceeds of the sale, simply because the security holder is not a party to the proceedings.
This premise was recently discussed by this court in Sylvester v. Latuso, 378 So.2d 175 (La.App. 1st Cir.1979), relied on by the notary in his proposed distribution of the proceeds, which was homologated and made the judgment of the trial court. In Sylvester, this court noted that a mortgagee need not be made a party to partition proceedings to have its debt satisfied from the proceeds of the sale, because “we are not dealing ... with the type of security, if any, the mortgage holder possesses, but only with the payment of a valid, enforceable debt against the [former] community.” Although the case involved the partitioning of community property between spouses and was ultimately decided on Civil Code articles governing the satisfaction of community debts, we are of the opinion that the handling of article 1338 is relevant and appropriate for the present case.
Olinde relies on the cases of Beene v. Wilbur, 388 So.2d 435 (La.App. 2nd Cir.1980), writ denied, 393 So.2d 738 (La.1980) *489 and Sutton v. Sutton, 320 So.2d 597 (La.App. 4th Cir.1975) for his premise that the mortgagee must be a party to the proceedings to have its indebtedness satisfied from the sale proceeds. However, these cases are distinguishable from, and are not controlling on, the present case.
In both cases, the proceeds from the judicial sale were substantially less than the balance due under the mortgages, and the issue before the courts was whether the mortgagee’s security interests in the property sold had been extinguished by the sale. The courts quite properly held, that since the mortgagees were not parties to the proceedings, and had not asserted their rights in the properties or the proceeds from the sales, their security interests in the property remained in full force and effect, even though it had been sold. The courts were concerned with the life and validity of the security interests, and not, as in the present case, whether the debt secured by the mortgage can be satisfied from the sale proceeds, even though the holder of the debt is not a party to the proceedings. Under the rationale of the Sylvester, case, we hold that the debt can be satisfied.
ASSIGNMENT OF ERROR NO. 2
Contrary to the assertions of Mr. Olinde, neither Nelson nor the notary involved herein asserted any rights on behalf of the mortgagee. We have already determined that the mortgagee need not have been a party to the proceedings to have its indebtedness satisfied. No one had to assert the mortgagee’s rights, as its rights were apparent on the face of the public records. The notary discovered a valid and enforceable mortgage on the property, and satisfied the debt which it secured, so the mortgage could be cancelled.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.