| pGOTHARD, Judge.,
Plaintiff, Shollmier Distributing Inc., appeals from a judgment granting a preliminary injunction in favor of defendant, Lynn Puissegur, enjoining plaintiff from the execution of a writ of fieri facias directed at property owned by defendant, Mrs. Puissegur. For the following reasons, we reverse the decision of the trial court.
FACTS
William Puissegur and Lynn Puissegur were divorced in April of 1992. The community was not partitioned at that time, and therefore they became co-owners in indivisión of the property of the community.
On April 12, 1995, plaintiff filed suit for breach of contract/failure to pay for materials supplied against both William Puisse-gur and Lynn Puissegur. Lynn |3Puissegur filed an exception of no cause of action, since the only basis for the claim against her was that the debt was a community obligation, and the debt had been incurred after the termination of the marriage and the community. On March 8, 1996, plaintiff was granted a default judgment against William Puissegur in the amount of $30,458.84, plus 25% attorney fees, interest and costs. Plaintiff filed the judgment in the Jefferson Parish Mortgage and Conveyance Office.
On April 6, 1998, William Puissegur and Lynn Puissegur partitioned the community property, and Lynn Puissegur was granted sole ownership of the community residence.
On July 7, 1998, plaintiff filed for a writ of fieri facias, seeking the seizure and sale of William Puissegur’s undivided one half interest in the community residence. Lynn Puissegur filed a partition of intervention and for injunction, seeking to enjoin the seizure and sale of house, as she was the sole owner at the time of the application for the writ of fieri facias. The trial court granted a preliminary injunction, and plaintiff appealed.
ANALYSIS
La. C.C.P. article 3601 provides that a preliminary injunction may be issued during the pendency of an action for a permanent injunction on a prima facie showing that the petitioner will prevail on the merits and that the potential losses are those for which money damages are inadequate or are incapable of measurement by pecuniary standards. Shaw v. Hingle, 94-1579 (La.1/17/95), 648 So.2d 903, 905; Tri-Millennium Corp. v. Jena Band of Choctaw Indians, 98-612, 98-532 (La.App. 5 Cir. 12/16/98), 725 So.2d 533, writ denied, 99-0547 (La.4/9/99), 740 So.2d 637. In order to obtain a preliminary injunction, a Lplaintiff must show that he will suffer irreparable harm if the injunction is not granted, that he is entitled to relief sought, and he must make a prima facie showing that he will prevail on the merits. Tri-Millennium Corp. v. Jena Band of Choctaw Indians, supra; Lafreniere Park Foundation v. Friends of Lafreniere Park, Inc., 97-152 (La.App. 5 Cir. 7/29/97), 698 So.2d 449, 452, unit denied, 97-2196 (La.11/21/97), 703 So.2d 1312.
Plaintiff alleges that Mrs. Puisse-gur is not entitled to a preliminary injunction because she cannot show that her damages are not measurable by pecuniary standards and that she cannot make a prima facie showing that she would prevail at a trial on the merits. We find that Mrs. *893 Puissegur is not entitled to injunctive relief, and therefore the trial court erred in granting a preliminary injunction. We do not reach the issue of whether Mrs. Puissegur alleged any damages which are not measurable by pecuniary standards.
The record reflects that the plaintiff obtained a judgment against Mr. Puissegur after he had been divorced from Mrs. Puissegur, but before the community was partitioned. At that time, Mr. And Mrs. Puissegur were co-owners, or owners in indivisión of the property that comprised the former community, including the marital house. La. C.C. art. 2369.1; Chance v. Chance, 29,591 (La.App. 2 Cir. 5/7/97), 694 So.2d 613. The plaintiff recorded its judgment against Mr. Puissegur, which created a judicial mortgage against his undivided one-half interest in the former community property, including his one-half interest in the residence. La. C.C. art. 3300. Furthermore, by virtue of recordation, this judicial mortgage was effective against third parties, including Mrs. Puissegur. La. C.C. art. 3308. The community was thereafter partitioned, and the record reflects that the partition was conducted without notice to or | ¡^participation by the plaintiff creditor. Mrs. Puissegur acquired Mr. Puissegur’s one-half interest in the house, subject to the judicial mortgage on that one-half interest. Compare Sutton v. Sutton, 320 So.2d 597 (La.App. 4 Cir. 1975) and Beene v. Wilbur, 388 So.2d 435 (La.App. 2 Cir.1980), writ denied, 393 So.2d 738 (La.1980).
Appellee, Mrs. Puissegur, argues that La. C.C. art. 2369.4 operates in this circumstance to prevent the creditor from enforcing an otherwise valid judicial mortgage. It appears to be appellee’s contention that, because she did not agree to the judicial mortgage created against her ex-husband by the filing of the judgment against him into the mortgage office, the judicial mortgage did not follow his undivided one-half interest in the immovable, the marital home, when the ownership of that property was transferred to her. We disagree.
La. C.C. art. 2369.4 provides that:
A spouse may not alienate, encumber, or lease former community property or his undivided community interest in that property without the concurrence of the other spouse, except as provided in the following Articles. In the absence of such concurrence, the alienation, encumbrance, or lease is a relative nullity.
In this case, Mr. Puissegur did not alienate, encumber or lease former community property. The encumbrance against Mr. Puissegur’s undivided one-half interest in the property arose as a matter of law, upon the filing of the judgment, without the consént of either Mr. Puissegur or Mrs. Puissegur. We do not know of any case which requires consent to establish judicial mortgage, or which requires consent in order for that judicial mortgage to follow the immovable into the hands of a third party, in this case Mrs. Puissegur. We hold that La. C.C. art. 2369.4 is inapplicable to a judicial mortgage, and thus Mrs. | (¿Puissegur acquired ownership of Mr. Puissegur’s one-half interest in the marital home subject to the judicial mortgage created by the filing of the judgment against Mr. Puissegur. Accordingly, she was not entitled to a preliminary injunction, enjoining the creditor from proceeding on an otherwise valid judicial mortgage, on the basis that she did not consent to that judicial mortgage.
CONCLUSION
For the above discussed reasons, the judgment of the trial court granting a preliminary injunction against plaintiff-creditor, Shollmier, is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.