## No. 10,902.

### O. H. P. SEMPLE vs. R. N. SCARBOROUGH.

1. The authority of the thing adjudged must be tested by the requisites of Article 2286 of the Civil Code. The decree is not final unless it falls within the terms of that article.
2. Verbal sales of immovables are null as to third persons.
3. The promise to sell must be established with the same formalities as sales.
4. All sales affecting immovable property not recorded are null and void, except between the parties thereto.

5. Property can be specially hypothecated only by the owner or by some one authorized to act for him.

6. The mortgage given by one not the owner will not become valid, unless he acquires the ownership.

7. Joining the owner (who had promised to sell to the mortgagee) in the sale of the property is not an acquisition of the property, and does not give validity to the mortgage.

8. A tutor has no right to pledge the notes due his wards as a security for his debts.

One of the notes at one time unlawfully pledged having been restored, and the other having been collected in the name and for account of the tutor, who applied the amount to the payment of his debt, he has no right of action to recover the amount paid in satisfaction of his individual debt.

A PPEAL from the Tenth District Court, Parish of DeSoto.
*Hall, J.*

*E. W. Sutherlin* and *C. W. Elam* for Plaintiff and Appellee:

1. There is a strong analogy between the plea of *res judicata* and *lis pendens,* and it is a fair test to inquire whether a final judgment in the former suit would be *res judicata* in the latter. If it would, the exception of *lis pendens* is well pleaded. 4 An. 520; 8 An. 15; O. P. 335; 5 An. 494; 12 An. 726; 13 An. 535; 27 An. 79 (82); Cross on Pleading, Sec. 176, p. 169; If Hen., p. 1166.

2. Third persons not originally party to the suit may intervene in the same, and, like the defendant, institute demands, provided the same be incidental to the main action and necessarily connected with the same. C. P. 363, 364, 374; Cross on Pleading, verbo Intervention, pp 422, 423, 424.

3. Amendments may be allowed, provided they do not alter the substance of the demand or the theory of the action. C. P. 419; Cross on Pleading, Secs. 217 to 222 inclusive.

4. All sales of immovable property shall be made by authentic act or under private signature. Except as provided in Art. 2275, C. C.. every verbal sale of immovables shall be null as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted. C. C. 2440.

5. A promise to sell must be vested with the same formalities as are prescribed concerning sales, in all cases where the law directs that the sale be committed to writing. C. C. 2462; 17 An. 240, and cases cited.

6. Conventional mortgages can only be agreed to by those who have the power of alienating the property which they subject to them. 11 An. 684; 12 An. 699; 15 An. 386; 16 An. 280.

7. Such as only have a right that is suspended by a condition and may be extinguished in certain cases can only agree to a mortgage subject to the same conditions and liable to the same extinction. 12 R. 450; 21 An. 253; 23 An. 214.

*J. F. Grierson* for Defendant and Appellant:

A mortgage granted by a debtor on property of which he is not at the time owner. shall be valid if he shall ever after acquire its ownership by whatever title. C. C. 3304; Amonett vs. Avis, 16 An. 226.

Semple vs. Scarborough.

A third person receiving mortgage notes as collateral security for a debt due him, and receipting for such mortgage notes as such, by referring to the book and page where the mortgage is recorded, is estopped from afterward disputing the mortgage, especially after he shall have received a part of the proceeds of the property mortgaged. 15 An. 531; 32 An. 1280; 39 An. 423.

One who rents from his adversary thereby acknowledges his own want of title and recognizes that of his adversary. 26 An. 189.

Minors are not bound for money borrowed, or a debt contracted in their name, by their tutor, unless he be authorized by the court under the advice of a family meeting. Those who deal with tutors acting for minors do so at their peril. Union Bank vs Forstall, 41 An. 116, and authorities there cited.

Minors are not bound for purchases made for them on credit beyond their means, or speculations engaged in by their tutor, even when authorized by the probate court acting on the advice of a family meeting. Randlett vs. Sheriff, 32 An. 904.

Tutors have no power to pledge the mortgage notes belonging to his ward with third persons to secure his own individual debt

Collections made by such third persons from such collaterals in his hands belonging to the minor may be recovered from him at the suit of the minor to whom the collaterals belong.

---

The opinion of the court was delivered by

BREAUX, J. Plaintiff sues to foreclose *via ordinaria* a vendor's privilege and mortgage against the defendant, amounting to $1237.40, and for interest and fee of attorney, on a tract of land, known as the Forston place, in the parish of De Soto.

The defendant makes no defence personally.

As the tutor of his minor children he intervened, and in his petition of intervention avers that this property was on the fifteenth day of December, 1886, mortgaged to him, as tutor, to secure two amounts, aggregating $3577.21, and interest.

There was another amount of $2500 claimed, which was subsequently abandoned, and is therefore no longer at issue.

. The mortgagor was T. N. Coleman, who did not have a deed to the property mortgaged.

The intervenor alleges that at the time the mortgage was given the mortgagor had paid the purchase price, except about $1000.

He assumed that the sale would be made to him, and mortgaged this property, which he did not own, with other property he owned at the time.

The intervenor avers that in April, 1888, F. M. Forston, who had promised to sell to Coleman, sold the property to the defendant, Scarborough. In this sale Coleman joined, and the defendant con-

tends that in thus joining the mortgage before mentioned became valid.

The intervenor also avers that he acted without authority in placing with plaintiff the notes of his minor children (secured by said mortgage) as collateral security for a debt of $3468.86. This said amount is claimed by plaintiff. as due him, by the intervenor tutor, in another suit pending before this court.

Scarborough, tutor, defends on different grounds.

He, as tutor, alleges that he has the right to recover back two mortgage notes and all amounts collected on them, as the claim belonged to the minors. That this mortgage of the minors is superior in rank to that of the plaintiff.

To the demand of the intervenor the plaintiff pleaded *res adjudicata,* and in its support alleged that the tutor, who is the intervenor, presented an account of tutorship in which was carried the claim of $3468.66 as due to plaintiff.

This account was homologated in 1889.

This judgment was the subject matter of a suit before this court at its last issue. 43 An. 316.

This court held that the judgment did not have the appearance of one enforceable against the minors, as it was not proven that they had been placed in possession and the succession closed; that if on the trial of the merits it should be conclusively shown that the tutor administered the succession *ex virtute officii,* a sale under C. P. Art. 990 was the proper remedy to enforce payment.

That case was remanded for further proceedings.

It was tried.

Judgment was rendered in favor of R. N. Scarborough, tutor, which was reversed by this court, 44 An.

The issues are different in the pending case.

The action is to recover on a note secured by mortgage.

The intervenor claims a superior mortgage and certain notes and obligations he alleges are illegally held by the plaintiff.

The parties are not the same; in one case the defendant debtor is sought to be held, in the other the contention arises about the indebtedness of a succession and the mode of enforcing collection.

The plea of *lis pendens* was also filed against the intervenor.

The cause of action is not the same. A final judgment in the case pleaded as *lis pendens* will not settle the issues in this case.

To sustain the plea, not only the subject but the parties must be the same, or privies to the parties in the pending suit.

The subject matter involved in the present is different from that in the case of the tutorship of the minors Henry F. and Thomas Scarborough vs. R. N. Scarborough, natural tutor.

The relief asked for is different.

In matter of the sale in said case, it is contended that the judgment is not binding on the minors and that the property can not be sold on rule to sell as against an administrator; in this case they seek to recover notes pledged as collateral and to prevent a mortgage from being enforced as first in rank.

Plaintiff also urges as exception that the intervention is in its nature independent of the main action brought by plaintiff and not connected with or incidental to the same.

The intervenor a'leges an interest and claims that he has a prior mortgage, and alleges that plaintiff's mortgage is invalid.

The interventional demand is clearly connected with the main action. It was properly used to protect a right in the property plaintiff asks to have sold for the payment of his alleged mortgage.

These pleas were properly overruled.

## ON THE MERITS.

The priority in rank, *vel non*, of plaintiff's mortgage presents the first question for our determination. It is conceded that at the time the mortgage to Scarborough, tutor, was signed the mortgagor was not owner. The intervenor does not contend that the mortgage by one not the owner gives him a right.

He claims that the promise to sell has been complied with, and that the mortgage has thereby become valid, and relies upon Article 3304 of C. C.: "This mortgage shall be valid if he (the mortgagor) should ever after acquire the ownership of the property by whatever right."

In support of his contention he invokes the fact that the notes secured by this mortgage, Coleman to Scarborough, tutor, were pledged to the plaintiff, and that in the written receipt of these notes it is stated that they are secured by this mortgage, and that he is therefore estopped. He also relies upon a sale made in 1888.

With reference to this sale it appears that the party who had verbally promised to sell was unable to return the amount he had

received on account of the price, and the party who was to buy the mortgage was unable to pay the remainder to consummate the sale. Thereupon Forston, who had promised to sell to Coleman, offered the land to Scarborough, who purchased.

The latter applied to the plaintiff to borrow the money to pay for it. Plaintiff consented to loan the amount, provided notes secured by mortgage and vendor's privilege were executed by the buyer, which would be transferred to him, plaintiff. The deed was signed and the note transferred in compliance with the agreement made.

The property was not sold to the mortgagor at all. Although never owned by the mortgagor, the intervenor pleads the act of mortgage to defeat plaintiff's claim, and contends that it precedes that of his creditor.

There was a verbal promise to sell. The conditional promise to sell does not give the right to mortgage property, and no right will arise under the mortgage unless the promise is followed by compliance.

The receipt invoked does not create a mortgage, as none exists.

The plaintiff testifies that he did not know of any such mortgage.

The declaration in the receipt does not give validity and binding effect to the alleged mortgage.

The condition laid down in the article of the code is that the mortgage shall be valid if the mortgagor becomes the owner.

The receipt did not make the mortgagor the owner and, therefore, the alleged mortgage was ineffective.

An estoppel is limited to questions concerning the receipt and does not apply to incidental descriptions.

A receipt may be contradicted or explained.

"Even in a deed the recital to operate an estoppel must appear as intended not to be questioned or that injustice would follow if the court were to allow it to be contradicted." Bigelow on Estoppel, p. 317.

The property having been sold by the owner no one can lay claim to any right under the mortgage not executed by the owner.

In the deed of mortgage of December, 1886, by Coleman (not the owner) to Scarborough, tutor, it is declared that the mortgagor expects to secure a title.

The owner who had promised to sell, as a witness, states that it

NEW ORLEANS, MARCH, 1892.263

was agreed that no sale would be passed before payment of the price.

The price was not paid and the property was sold to another.

The sale to the mortgagor never was made.

The intervenor claims one of the notes identified with the alleged mortgage, amounting to $2075, and the amount collected in payment of another also identified with the act. These notes were pledged to secure the payment of certain amounts due by the intervenor.

The issues do not establish a pecuniary responsibility on the part ·of plaintiff, for he has returned the notes and only received an amount in payment of a sum due him.

The intervenor in this case, some time since in another suit, intervened and alleged that he had possession of the note he now seeks to recover. Since that intervention was filed it is not shown that plaintiff has had it in his possession.

The record discloses that it has not been in possession of the plaintiff since 1888.

*With reference to the amount collected on the second note:* It appears of record that the mortgagor, Coleman, sold certain property to James F. Greer on February 9, 1888. The notes were at the time in the possession of Sample, the plaintiff pledged as before mentioned. One of the pledged notes was paid; the other was returned to the intervenor.

The question does not arise on these notes as being in the hands of the pledgee claiming a right, but arises after one of the pledged notes had been paid and the other is in the possession of the pledgor.

The intervenor seeks to make the at one time pledgee return an amount received and return a note of which he already has possession.

The mortgagor had the absolute right to pay his debt secured by mortgage, and the possibility that the tutor will squander the amount will not affect the receipt. Riddell vs. Vijord, 35 An. 390.

The notes were collected for account of the tutor, who applied the amount to the discharge of his debt.

It is a *fait accompli*, and can not be revoked at the instance of the tutor, who personally made the payment.

*With reference to the claim of*                    *$3468.66:* We are relieved from giving it consideration in this case, as it has re-

ceived the court's attention and was the subject matter of another suit, decided to-day, in which it is held that the amount is due.

Judgment affirmed at appellants' costs.