LAND, J.
In January, 1906, the plaintiff entered into an agreement with the defendant for the purchase of the property at the corner of Camp and Poydras streets, city of New Orleans, measuring 60 by 150 feet, at the price of $77,500, of which 10 per cent, was deposited on account, pending the examination of the titles. In April, 1906, the plaintiff instituted the present suit to recover the sum of $7,750 so deposited, with interest, on the ground that the title tendered by defendant was defective, in that the defendant was not the owner of the whole property. In a supplemental petition the plaintiff set forth the particular alleged defects in the title. For answer the defendant averred that it had a legal and valid title to the property in question, and, assuming the position of plaintiff in reconvention, prayed for the specific performance of the contract.
There was judgment for defendant as prayed for, and the plaintiff has appealed.
The property in controversy is a portion of the square of ground purchased by the defendant from Mrs. Marie Eve Dietrich, widow of John Gauche, on February 20, 1905, for $75,000, paid in cash. The widow Gauche derived her title from an adjudication at public auction made on February 14, 1905, at a partition sale made by order of court in the matter of the succession of Mrs. Leda Gauche, evidenced by formal deed of date February 20, 1905, signed by the administrator and the auctioneer. The parties to the partition were all the heirs at law of Mrs. Leda Gauche, and the three defendants in the suit, Marie, Malvina, and Genevieve Gauche, were absentees. The original author of the title was Emile Gauche, by purchase in 1865, who, however, acquired for John Gauche and his wife, Marie Eve Dietrich, as shown by a duly recorded counter letter. John Gauche died intestate in 1868, leaving surviving him Marie Eve Dietrich, as widow in community, and 12 children, each entitled to V12 of %, or V24, of the whole, subject to the usufruct of their mother. George Gauche, one of the heirs, died in 1886, without ever having been married and leaving no children. His estate vested by operation of law in his mother and his 11 brothers and sisters, % to the former and % to the latter. Emile Gauche died in 1899, and his estate likewise passed to the same • heirs. By acts of settlement executed in 1897 eight of the heirs acknowledged to have received from their mother the full share coming to them from the estate of their deceased father and brother, in full settlement of their rights. Genevieve, Malvina, and Marie Gauche retained their respective in *550 terests in the two estates. In 1900 the widow of John Gauche sold and conveyed to her daughter, Leda Gauche, all her right, title, and interest in the above-described property. In December 1901, the property was sold to effect a partition between Leda Gauche, and Genevieve, Malvina, and Marie Gauche, and was adjudicated to Leda Gauche for the price of $35,000. The auctioneer’s deed was not executed until March, 1904.
On the death of Leda Gauche, her estate passed to her mother and her nine surviving brothers and sisters; the latter also being the sole surviving heirs of John Gauche. It therefore is apparent, as found by the trial judge, that the parties to the partition proceedings included every person having any right, title," or interest in the property in dispute, which was inventoried and sold as belonging to the succession of Leda Gauche. The decree ordering a sale of the property to effect a partition was rendered and signed in January, 1905. The three absent defendants therein were represented by a curator ad hoc. The court had jurisdiction of the res, and the judgment has become res judicata. The judgment necessarily predicates that the property belonged to the succession of Leda Gauche, and was inherited by her legal heirs. The decision of the alleged joint ownership was an absolute prerequisite to the judgment of partition. Cameron v. Lane, 36 La. Ann. 722. The decree concluded the parties on all questions of title raised or that might have been raised in the proceeding. Choppin v. Bank, 47 La. Ann. 660, 17 South. 201. The decree fixed the respective interests of the parties in the property to be partitioned, and, if it was erroneous in any respect, the remedy was by appeal. Bayhi v. Bayhi, 35 La. Ann. 527. The title of the defendant is derived from the heirs of Leda Gauche, who are also the heirs of John Gauche. The title conveyed being warranted by the heirs of Leda Gauche, it is obvious that they are estopped to set up any other antecedent title or interest that they may have to the property. Hence it is unnecessáry to consider any of the alleged prior defects in the title set up by the plaintiff herein; it being conceded that John Gauche was the legal owner of the property, and that his title was vested in his widow and children.
The square, as a whole, was ordered to be sold, and was sold, as property belonging to the succession of Leda Gauche. The property' was adjudicated to the widow Gauche for the price of $35,000. The deed, signed by both the auctioneer and the administrator, recites that the purchaser paid the price in cash to the vendor. The presumption is that the price was paid to the proper person. The administrator’s account, subsequently filed and homologated, shows that the three absent heirs received their respective shares of the price, and that the other heirs acknowledged that the property belonged to their mother, the purchaser.
As the plaintiff in this case had no good ground in law to reject the title, it was properly charged with interest.
Judgment affirmed.