FOURNET, Justice.
 

 This is an action by Geraldine Fitzgerald of Newfoundland, Dominion- of Canada, against Soledad Salinas Fitzgerald and her minor daughter, Patricia Geraldine Fitzgerald, born during her marriage to plaintiff’s brother, Thomas Patrick Fitzgerald, who was killed at his place of residence in Nicaragua, to have defendants’ application in the Civil District Court for the Parish of Orleans to be placed in possession of certain movable property held in trust by the Whitney National Bank for the deceased and valued at approximately $27,000, set aside, and to have herself (plaintiff) recognized as one of the three heirs of her late brother, and, as such, sent into possession of an undivided one-third interest in the property.
 

 Defendants filed exceptions of no right of action, no cause of action, vagueness, non-joinder of parties plaintiff, and res adjudicata.
 

 The trial judge maintained the- plea of res adjudicata without passing on the other exceptions, and dismissed plaintiff’s suit. She has appealed.
 

 Thomas Patrick Fitzgerald died intestate, having been assassinated on his plantation at El Gallo, Nicaragua, on August 7, 1936. His succession was opened in the District Court of Bluefields, Nicaragua on August 13, 1936, by his surviving widow and, on October 10, 1936, judgment was rendered recognizing Patricia Geraldine Fitzgerald
 
 *729
 
 to be the sole and only heir at law of the decedent, and, as such, she was sent into possession of his estate, subject to the marital fourth to which, as surviving widow in necessitous circumstances, her mother was declared entitled. Subsequently, on February 3, 1937, on the basis of this judgment, Soledad Salinas Fitzgerald, individually and on behalf of her minor daughter, filed an application in the Civil District Court for the Parish of Orleans to be placed in possession of decedent’s movable estate in that parish, and, on March 3, 1937, plaintiff and appellant instituted this suit. At about the same time she (plaintiff) filed a suit in the District Court of Bluefields to have its judgment of October 10, 1936 set aside and to have herself recognized as the legitimate sister and heir of her deceased brother. The judge of the District Court for the Parish of Orleans, being apprised of the pendency of this action in the District Court of Bluefields, held the present suit in abeyance until a final decision of the matter might be rendered by the Nicaraguan court. On December 8, 1937, the District Court there dismissed plaintiff’s suit, which judgment was affirmed by the Court of Appeal on March 15, 1938, and by the Supreme Court of Nicaragua on October 27, 1938. .Whereupon defendants pleaded the said judgment as res adjudicata to plaintiff’s action here, which was maintained by the trial judge.
 

 The plea-of res ad judicata is governed by Article 2286 of the Revised Civil Code, which reads as follows:
 

 “The authority of the thing adjudged takes place only with respect-to what was the object of the judgment.
 
 The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same, parties, and formed by them against each other in the same qtiality.”
 
 (Italics ours.)
 

 The “thing adjudged” is defined by the Civil Code as being “ * * * that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.” Article 3556.
 

 In the instant case the object of plaintiff’s action is to have defendants’ application, based on the judgment of the District Court of Bluefields, Nicaragua of October 10, 1936, -set aside and to have herself declared to be one of the three heirs of the deceased. The basis of the suit is that the minor daughter' of Sole-dad Salinas Fitzgerald was born within three mo'nths after her marriage to decedent and within three hundred days after the dissolution of her former marriage to one Stone and that, therefore,
 
 under the law of Nicaragua,
 
 the said child would be presumed to be the child of Stone rather than that of decedent and would not inherit, but that instead decedent’s estate would be divided one half to his surviving widow and the other half to petitioner and her two sisters.
 

 Likewise the object of plaintiff’s action in • Bluefields, Nicaragua was, as reflected
 
 *731
 
 in the judgment of that court, to have herself (plaintiff) declared to be the
 
 heir of her deceased brother under the laws of Nicaragua
 
 and as such entitled to one half of his estate, the other half going to his surviving widow, instead of the entire estate going to the minor, Patricia Geraldine Fitzgerald, on the ground that she (the minor) did not have the presumption of being the legitimate daughter of the deceased, having been born less than 180 days after her mother’s marriage to the deceased and less than 300 days after her mother’s divorce from her first husband. The court’s decree was: “ * * * 1. That the minor Patricia Geraldine Fitzgerald is the legitimate daughter of Mr. Thomas Patrick Fitzgerald and therefore she has a right to the succession, in accordance with the declaration of inheritance pronounced in her favor by this Court in sentence of the 10 of October, 1936 which is declared valid. 2. That the plaintiff, Miss Geraldine Fitzgerald has no right to the succession of Mr. Thomas P. Fitzgerald * * *
 

 “It is the settled jurisprudence of this court that ‘matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies * * *.’ * * * * * *
 

 “ 'No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. * * * the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness.’ ” Pitts v. Neugent, 187 La. 694, 697, 175 So. 460, 461, and the cases therein cited.
 

 In the case of Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805, this court quoted with approval from the case of City of Aurora v. West,
 
 7
 
 Wall. 82-107, 19 L.Ed. 42, wherein it was said that “ * * * the estoppel * *
 
 *
 
 extends to every material allegation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined in the course of the proceedings.” .
 

 Counsel for plaintiff and appellant argued, both orally and in brief, that the deceased being a non-resident of Louisiana, his personal property situated in this: state must be distributed according to the law of his domicile and that plaintiff, having alleged in her petition that the deceased was not domiciled in Nicaragua at the time of his death, the court below erred in denying plaintiff the opportunity to* present any evidence that decedent’s domicile at the time of his death was at Newfoundland, Dominion of Canada, rather than Nicaragua, and, in the alternative, if decedent’s domicile were proven to be in. Nicaragua, that Louisiana should not apply Nicaraguan rules of distribution which are in violation of positive prohibitory laws of Louisiana based on public policy..
 

 While plaintiff did allege in her petition that the judgment of the Civil. District Court of Bluefields, Nicaragua,, placing the widow and child in possession; of the estate of the decedent is not en
 
 *733
 
 titled to full faith and credit and assigned as reasons therefor, among others, that there is no finding in the said judgment that the decedent was domiciled in Nicaragua and that, therefore, the court was without jurisdiction over his estate, except the real property located within the jurisdiction of the Nicaraguan court, nevertheless we find no allegation in her petition that the decedent at the time of his death was domiciled in Newfoundland, Dominion of Canada, nor did she plead the law of that country relative to distribution of estates in ■ cases as presented here, neither did she plead that the Nicaraguan judgment is against the public policy of this state. On the contrary we find that in the prayer of her petition she seeks to be recognized as one of the three heirs of the deceased and
 
 as such
 
 sent into possession of an undivided
 
 one-third
 
 of the property. It therefore follows that when she submitted herself to the jurisdiction of the Court of Bluefields, thus giving that court jurisdiction to determine the issues she presented there, which included, as reflected by the final decree of that court, a rejection of her claims as an heir and recognition of the minor, Patricia Geraldine Fitzgerald, as the rightful heir of the deceased and as such entitled to his succession, that matter “can never again be called into question by the parties or their privies.”
 

 It is our conclusion, therefore, that the judgment of the lower court sustaining the plea of res adjudicata and dismissing plaintiff’s suit, is correct.
 

 For the reasons assigned the judgment of the lower court is affirmed, at appellant’s cost.