O’Mara, J.
The plaintiff and the defendant were owners and operators of automobiles involved in a collision, and the plaintiff seeks to recover damages against the defendant on the theory of negligence.
At the time of the accident there were three passengers in plaintiff’s automobile who brought actions based in negligence against the owners and operators of both automobiles, and by jury verdicts recovered judgments against the plaintiff in this action. Verdicts of no cause for action were rendered in favor of the defendant in this action. In other words, the passenger actions definitely determined that the accident was due solely to the negligence of this plaintiff, and without any negligence on the part of this defendant. Implicit therefore in the finding of the jury was the fact that this plaintiff was guilty of negligence which caused the happening of the accident. Does that finding bar this plaintiff from now asserting in his action against this defendant that he was free from any negligence which brought about the accident? The defendant in this action maintains that he is so barred and upon the theory that the question of his negligence was adjudicated against him in the passengers’ actions.
*117 I find myself in agreement with the defendant’s contention. This plaintiff has had his day in court on the precise question upon which he now seeks to further litigate. In the passengers’ actions the parties to this action were represented by able counsel and the issues presented were thoroughly litigated, especially the main issue of responsibility for the happening of the accident.
It is believed that the doctrine of res judicata is now well established by the courts of this State in cases having essentially the factual background as the case presently under discussion. The applicable rule is concisely set forth (50 C. J. S., Judgments, § 712, p. 173) in the following language: “ Another statement of the rule is that any right, fact, or matter in issue, and directly adjudicated on, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered on the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether or not the claim or demand, purpose, or subject matter of the two suits is the same.”
It is evident from a reading of the most recent decisions of the appellate courts of this State that the rule just quoted accurately sets forth the law of this State concerning the doctrine of res judicata as applied to the facts of the case presently under consideration.
The doctrine of res judicata was sensibly and realistically stated by Judge Cabdozo in Schuylkill Fuel Corp. v. Nieberg Realty Corp. (250 N. Y. 304, 306-307) as follows: “ A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first.”
In coming to the conclusion that the motion for summary judgment should be granted, I have not overlooked the decision of Glaser v. Huette (232 App. Div. 119, affd. without opinion 256 N. Y. 686), but I have relied on the more recent and what appears to me to be the more realistic conclusions in Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14) and United Mut. Fire Ins. Co. v. Saeli (297 N. Y. 611).
The motion is granted, with $10 costs.
Submit order accordingly.