Leon CHASE, Mattie Lois Chase, and Stacy Chase, a minor, by his next friend Leon Chase, Plaintiffs,

v.

R. G. POPE, doing business as R. G. Pope Construction Company, Defendant and Third-Party Plaintiff,

v.

W. J. PARKER and Kathryn Mulder, co-administrators of the Estate of Billy Joe Rowland, deceased, Nathan A. Mulder and Adolph W. Radle, Jr., Third-Party Defendants.

Civ. A. No. 1855.

United States District Court
E. D. Tennessee,
Northeastern Division.

Oct. 15, 1965.

---

**28.** Cf. Wright v. Rockefeller, 376 U.S. 52, at 57, 84 S.Ct. 603, 11 L.Ed.2d 512 (1964).

**29.** 379 U.S. at 439, 85 S.Ct. at 501.

Arnett & Draper, Knoxville, Tenn., and Reid, Strickland, Gillette & Ramsey, Baytown, Tex., Foster D. Arnett, Knoxville, Tenn., of counsel, for plaintiffs.

Simmonds, Bowman & Herndon, Johnson City, Tenn., C. T. Herndon, III, Johnson City, Tenn., of counsel, for defendant and third-party plaintiff.

Wilson, Worley & Gamble, Kingsport, Tenn., H. E. Wilson, Kingsport, Tenn., of counsel, for third-party defendants Parker and Kathryn Mulder.

Milligan, Silvers & Coleman, Greeneville, Tenn., S. J. Milligan, Greeneville, Tenn., of counsel, for third-party defendant Nathan Mulder.

Phillips & Hale, Rogersville, Tenn., W. B. Hale, Jr., Rogersville, Tenn., of counsel, for third-party defendant Radle.

NEESE, District Judge.

This is a damage action based on diversity of citizenship, in which, *inter alia,* the third-party plaintiff Pope seeks contribution or indemnification from each of the third-party defendants for any amount or amounts of damages and costs which may be adjudged herein against the defendant Pope in favor of either or any of the plaintiffs on the theory that any negligence of Pope in the premises was merely passive while the negligence of the third-party defendants was active. Each third-party defendant seeks a summary judgment in the third-party action on the ground, *inter alia,* that the third-party plaintiff Pope is estopped by judgments of a state court in prior suits on issues involved in the instant third-party action. The third-party plaintiff is deemed to have waived any response to said motions. Local Rule 12(b).

It is undisputed that the late Billy Joe Rowland, the third-party defendant Nathan A. Mulder, and the third-party defendant Adolph W. Radle, Jr. were the respective drivers of three of the vehicles which were involved on August 14, 1964 in a multiple-vehicular collision on a bridge in Hawkins County, Tennessee, on which the third-party plaintiff Pope was performing a construction contract, out of which said accident this litigation arose. Separate suits also growing out of the aforementioned collision were litigated in the state court, as follows:

(1) The personal representatives of the estate of the aforementioned Mr. Rowland, deceased, v. the third-party plaintiff Pope and the third-party defendant Mr. Radle;

(2) The aforementioned Mr. Mulder, by his next friend v. the third-party plaintiff Pope and the aforementioned third-party defendant Mr. Radle and the plaintiff Mr. Chase; and

(3) The aforementioned Mr. Radle v. the third-party plaintiff Pope and the personal representatives of the estate of the aforementioned Mr. Rowland.

There were jury verdicts in the actions listed hereinabove,[1] *inter alia,* dismissing: (1) the action by the late Mr. Rowland's personal representatives as

---

1. The movants neglected to support their respective motions for a summary judgment with copies of the records and judicial proceedings in the state court by the attestation of the clerk of that court and any seal of that court, *together with a certificate of the trial judge therein that the said attestation is in proper form.* 28 U.S.C. § 1738.

against the third-party defendant Mr. Radle; (2) the action by and on behalf of Mr. Mulder as against Messrs. Radle and Chase; and (3) the action by Mr. Radle as against the personal representatives of the estate of the late Mr. Rowland. The jury returned verdicts in each of the aforesaid state actions as against the third-party plaintiff Pope only. It is obvious therefrom that, had the jury in the state court found Messrs. Radle or Mulder or the late Mr. Rowland, or either or any of them, respectively, guilty of proximate negligence or of contributory negligence, there could have been no recovery, under Tennessee law, against the third-party plaintiff Pope in the state actions. Louisville and Nashville Railroad Co. v. Farmer, C.A.6th (1955), 224 F.2d 599 [2].

■ These actions of the state court are entitled to full faith and credit in this federal court. Constitution of the United States, Article IV, § 1; 28 U.S.C. § 1738; American Surety Company v. Baldwin (1932), 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231, 237 (headnote 6). " * * * (T)here must be some end to litigation and * * * when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court. * * *" Heiser v. Woodruff (1946), 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970, 976 (headnote 3); see also United States v. Munsingwear (1950), 340 U.S. 36, 71 S. Ct. 104, 95 L.Ed. 36; Clinchfield Railroad Company v. United States Fidelity & Guaranty Company, D.C.Tenn. (1958), 160 F.Supp. 337, 340 [2], affirmed C.A. 6th (1959), 263 F.2d 932, 933, [2]; Dixie Sand & Gravel Corporation v. Holland, C.A.6th (1958), 255 F.2d 304, 310 [5–8].

■ The motions for summary judgments are to be decided as if this third-party action were another action in a second Tennessee state court after a prior decision of another Tennessee state court. Cf. Kimmel v. Yankee Lines, C.

A. 3rd (1955), 224 F.2d 644, 647. This action being based on diversity of citizenship, the matter of judicial estoppel by judgment is to be determined by Tennessee law. See Angel v. Bullington (1947), 330 U.S. 183, 67 S.Ct. 657, 91 L. Ed. 832. " * * * The doctrine of * * * estoppel by judgment * * * is generally held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment. * * *" Booth v. Kirk, C.A.Tenn. (1963), Tenn.App., 381 S.W.2d 312, 314 [1], certiorari denied (1964).

The third-party plaintiff Pope having been found by a jury in state court actions to have been guilty of active negligence, and each of the third-party defendants having been exonerated of any negligence by jury verdict in such actions, and it affirmatively appearing therefrom that the issues involved in the third-party action herein have already been litigated in prior actions between the third-party plaintiff Pope and each of the respective third-party defendants herein, in which a determination of the respective types of negligence of each such party was necessary to judgments therein, this Court is of the opinion that the third-party plaintiff Pope is now estopped by such judgments to maintain his third-party action against the third-party defendants herein.

The foregoing presupposes proof of the records and judicial proceedings in the aforementioned state court actions. On filing of such with the certificate of the trial judge in said state court actions, as required by 28 U.S.C. § 1738, the third-party plaintiff Pope being denied hereby all relief, the clerk will prepare, sign and enter a summary judgment for each and all the third-party defendants herein, in dismissal of the third-party complaint.