Ruth Mims STEVENS and Mary
Stevens Fortenberry

v.

NEW ORLEANS AND NORTHEAST-
ERN RAILROAD COMPANY (now do-
ing business as Alabama and Great
Southern Railroad Co.).

Civ. A. No. 69–1540.

United States District Court,
E. D. Louisiana.

April 21, 1972.

Max Zelden, Zelden & Zelden, New Orleans, La., for plaintiffs.

W. Malcolm Stevenson, Walter J. Suthon, Monroe & Lemann, New Orleans, La., for defendants.

## OPINION AND ORDER

GORDON, District Judge:

This matter comes before the Court on defendant's motion for a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

On July 13, 1968, an automobile driven by Marion L. Stevens was traversing a railroad crossing at Hosswood Road in St. Tammany Parish, Louisiana. A passenger, Benjamin F. Stevens, was in the automobile with Marion L. Stevens. A train operated by the New Orleans and Northeastern Railroad Company (now doing business as Alabama & Great Southern Railroad Company) collided with the automobile. As a result of this collision, Marion L. Stevens was killed and Benjamin F. Stevens was seriously injured.

On July 10, 1969, Benjamin F. Stevens filed a negligence suit in state court against the New Orleans & Northeastern Railroad Company (hereinafter referred to as the "Railroad") and Allstate Insurance Company (hereinafter referred to as "Allstate"), the liability insurer of Marion L. Stevens. The Railroad then filed a third party demand against Ruth Mims Stevens and Mary Stevens Fortenberry, who had accepted the community and succession of Marion L. Stevens. Also, the Railroad filed a third party demand against Allstate, and, in turn, Allstate filed a reconventional demand against the Railroad. On July 15, 1971, the state court issued a judgment on the main demand in favor of the Railroad and Allstate against the plaintiff, Benjamin F. Stevens. The state court also dismissed all other demands. Attached to the judgment was the following: "Reasons for Judgment: The Court finds that the driver of the car was negligent, that the railroad was

not negligent but that the plaintiff was contributorily negligent."

On the same day the aforesaid state court action was filed, Ruth Mims Stevens and Mary Stevens Fortenberry, the community and succession representatives of Marion L. Stevens, filed the instant suit in federal district court against the Railroad, invoking this Court's diversity jurisdiction. In this suit the succession representatives of Marion L. Stevens are seeking monetary damages against the Railroad for its alleged negligence in causing the death of Marion L. Stevens. The Railroad, immediately following the aforesaid state court judgment in its favor, filed the motion for summary judgment herein, which motion is the basis for this ruling.

■ Inasmuch as the jurisdiction of this Court is based on diversity of citizenship, this Court is bound to apply Louisiana law to this case. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938). Thus, it becomes necessary for the Court to determine the effect under Louisiana law, of the state court judgment on the instant federal proceedings.

The defendant in its motion for summary judgment states: "Plaintiffs are judicially estopped from a retrial of the issues already fully considered and determined by the State Court." Throughout its motion for summary judgment and memorandum in support of that motion the defendant asserts that the concept of judicial estoppel should be applied to this case. After examining the authorities cited by the defendant the Court feels that the defendant has confused its terminology; its motion is not based on judicial estoppel, but rather on a concept developed by the Louisiana courts which this Court will denominate as estoppel by judgment.

■ The concept of judicial estoppel, and the concept which this Court has denominated estoppel by judgment, are two distinct concepts in Louisiana law. In California Co. v. Price, 234 La. 338,

99 So.2d 743 (1957), the Louisiana Supreme Court stated:

> Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings. Heroman v. Louisiana Institute, supra, 34 La.Ann. 805; Buillard v. Davis, supra, 185 La. 255, 169 So. 78; Succession of Fitzgerald, 192 La. 726, 189 So. 116; Quarles v. Lewis, 226 La. 76, 75 So.2d 14; Brown Land & Royalty Company v. Pickett, 226 La. 88, 75 So.2d 18.

The State seems to be under the impression that the common law doctrine of judicial estoppel is not recognized in this State but the cases herein referred to have recognized and applied that doctrine. The State is under the impression that the cases of Buillard v. Davis, supra, and Heroman v. Louisiana Institute, supra, were expressly overruled in the Quarles case. They rely on a footnote in the Quarles decision which they say overrules the above referred to cases. It is stated in the footnote that these cases appear to be out of line with the rest of the jurisprudence but it was never the intention of this Court to overrule those cases. In fact, the doctrine of judicial estoppel was specifically recognized in the Quarles case. 99 So.2d at 747.

■ In the *Price* case the Louisiana Supreme Court specifically recognized, as part of Louisiana jurisprudence, the common law concept of judicial estoppel. Under the common law doctrine of judicial estoppel a party who by his pleadings in an action has assumed a particu-

lar position, may not in a subsequent action assume an inconsistent position, and may be estopped by the mere fact of having alleged or admitted in his pleadings in a former proceeding, the contrary of the assertions sought to be made. Yarber v. Pennell, 443 S.W.2d 382, 384 (Tex.App.1969). See also, Cothron v. Scott, 446 S.W.2d 533 (Tenn.App.1969); In Re Estate of Cohen, 105 Ariz. 337, 464 P.2d 620 (1970).

This concept obviously is not the legal principle upon which the Railroad is basing its motion for summary judgment. It is evident to the Court that the Railroad is basing its motion on a concept of estoppel by judgment. Thus, the issue before the Court is to determine the meaning, and applicability to this case, of the concept in Louisiana law denominated as estoppel by judgment.

The concept which this Court has denominated as estoppel by judgment has been judicially developed by the Louisiana courts as a supplement to the Louisiana law of res judicata. Res judicata under Louisiana law is governed by Article 2286 of the Louisiana Civil Code [1] and the requirements of that Code Article have been strictly applied. Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226 (1949); Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1 (1943); Schexnayder v. Unity Industrial Life Insurance Co., 174 So. 154 (La.App.1937).

One of the first Louisiana cases to develop the concept of estoppel by judgment was the nineteenth century case of Heroman v. Louisiana Institute, 34 La. Ann. 805 (1882). In that case the Louisiana Supreme Court stated:

> Our original decree herein indicates that we should have decided those questions differently; but the judg-

---

1. Art. 2286. "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same qual-

ity." Although mover originally contended that it was entitled to summary judgment in the instant proceedings on the grounds of res judicata, on hearing of the motion mover conceded that strict "res judicata," as provided for in Civil Code Article 2286, is inapplicable to the facts of this case.

ment rendered by the court in the suit itself, No. 1198, conforming to the prayer of the petition, sustained the demand of the plaintiffs therein and, therefore, decided the issues involved in their favor.

All the present plaintiffs were parties to that suit.

The jurisdiction of the court over the subject matter of the controversy does not admit of dispute.

No appeal having been taken, and the delay allowed by law therefor having expired, the finality of the judgment is as complete as if it had been reviewed and affirmed by this Court.

No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness. Cooley on Const. Lim., pp. 47, et seq., and authorities there cited.

"Matters once determined in a court of competent jurisdiction, may never again be called in question by parties or privies against objection, though the judgment may have been erroneous and liable to, and certain of, reversal in a higher court." Bigelow Est. 3d Ed., Outline, p. lxi, 29, 57, 103.

"The estoppel extends to every material obligation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined therein." Aurora v. West, 7 Wall 102, 4 N.Y. 113; 2 An. 462; 14 An. 576; 19 La. 318; 5 N.S. 664; 11 M. 607; 14 La. 233; 5 N.S. 170.

It is vain now to contend that the proceedings anterior to the suit, upon which the liability of the defendants and of the property was based, were absolute nullities. That was matter of defense to the suit. The court, in rendering judgment, necessarily affirmed the validity of those proceedings, and, right or wrong, it stands as a thing adjudged.

Equally vain is it to contend that the court had no right to order the property to be seized and sold. This was the relief asked in the suit and adjudged by the court, and is equally concluded by the judgment. The proceedings in execution being comformable [sic] to the express terms of the judgment, cannot be questioned. 34 La.Ann. at 814–15.

Almost a half century later the Louisiana Supreme Court in Buillard v. Davis, 185 La. 255, 169 So. 78 (1936) discussed the relationship of Civil Code Article 2286 and Heroman v. Louisiana Institute, *supra*:

It is the settled jurisprudence of this court that "matters once determined never again be called in question by parties or privies." Heroman et al. v. Louisiana Institute et al., 34 La.Ann. 805, 814; McNeely v. Hyde, 46 La.Ann. 1083, 15 So. 167. "The authority of the thing adjudged must be tested by the requisites of article 2286 of the Civil Code." Semple v. Scarborough, 44 La.Ann. 257, 10 So. 860.

Article 2286 of the Revised Civil Code reads as follows: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

An examination of the pleadings in the Gravet and Vuillemot Cases shows that "the object of the thing adjudged" in those two cases is not the same as in the case at bar. Reference to the prayers of the petitions will show that the object of each suit was to set aside the proceedings in the successions of Francois Gonsoulin and

his wife, bearing No. 2095 of the probate court of the parish of Iberia, while the present suit is a petitory action.

But in the case of Heroman v. Louisiana Institute, supra, it was held that a decision upon the issues involved by competent court operates as a conclusive estoppel between the parties before the court. 185 La. at 280–81.

In Pitts v. Neugent, 187 La. 694, 175 So. 460 (1937) the Louisiana Supreme Court, although speaking in terms of "res adjudicata," in fact applied a theory of estoppel by judgment, and reaffirmed the rationale of its prior cases by stating:

The basis of the plea of res adjudicata is article 2286 of the Revised Civil Code, which reads as follows:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The "thing adjudged" is defined by article 3556 of the Revised Civil Code as being "that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."

It is the settled jurisprudence of this court that "matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal." Heroman v. Louisiana Institute, 34 La.Ann. 805. See, also, Buillard v. Davis, 185 La. 255, 169 So. 78, and Metropolitan Bank v. Times-Democrat Pub. Co., 121 La. 547, 46 So. 622.

In the case of New Orleans v. Citizens' Bank, 167 U.S. 371, 398, 17 S.Ct. 905, 914, 42 L.Ed. 202, the following was quoted from the Heroman Case:

"No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, *the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness.*" 175 So. at 461.

Recently the Louisiana Supreme Court in California Co. v. Price, 234 La. 338, 99 So.2d 743 (1957) recognized earlier cases and upheld the concept of estoppel by judgment in Louisiana.

It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal. Heroman v. Louisiana Institute, 34 La.Ann. 805; Buillard v. Davis, 185 La. 255, 169 So. 78; Metropolitan Bank v. Times-Democrat Publishing Co., 121 La. 547, 46 So. 622; Pitts v. Neugent, 187 La. 694, 175 So. 460. 99 So.2d at 747.

In its present posture, this Court feels that the Louisiana concept of estoppel by judgment is similar to common law estoppel by judgment. The term common law estoppel by judgment has generally been held to mean that when there has been a factual determination by a competent court, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree of the court is unreversed. Humphrey v. Faison, 247 N.C. 127, 100 S.E.2d 524 (1957). See also, State of Wisconsin v. Torinus, 28 Minn. 175, 9 N.W. 725 (1881); Price v. Clement, 187 Okl. 304, 102 P.2d 595 (1940);

Mansker v. Dealers Transport Co., 160 Ohio St. 255, 116 N.E.2d 3 (1953). While there are no Louisiana cases dealing with the factual setting presented to this Court, there are several common law cases in which the common law theory of estoppel by judgment was utilized to prevent a third party defendant in a prior suit from bringing suit as a plaintiff in another action which sought to relitigate an issue determined in the first suit.

In Bennett v. Mitchell, 2 Misc.2d 116, 151 N.Y.S.2d 574 (1956) the court stated the facts of the case as follows:

> The plaintiff and the defendant were owners and operators of automobiles involved in a collision, and the plaintiff seeks to recover damages against the defendant on the theory of negligence.

> At the time of the accident there were three passengers in plaintiff's automobile who brought actions based in negligence against the owners and operators of both automobiles, and by jury verdicts recovered judgments against the plaintiff in this action. Verdicts of no cause for action were rendered in favor of the defendant in this action. In other words, the passengers' actions definitely determined that the accident was due solely to the negligence of this plaintiff, and without any negligence on the part of this defendant. Implicit therefore in the finding of the jury was the fact that this plaintiff was guilty of negligence which caused the happening of the accident. Does that finding bar this plaintiff from now asserting in his action against this defendant that he was free from any negligence which brought about the accident? The defendant in this action maintains that he is so barred and upon the theory that the question of his negligence was adjudicated against him in the passengers' actions.

> I find myself in agreement with the defendant's contention. This plaintiff has had his day in court on the precise question upon which he now seeks to further litigate. In the passengers' actions the parties to this action were represented by able counsel and the issues presented were thoroughly litigated, especially the main issue of responsibility for the happening of the accident. 151 N.Y.S.2d at 575–76.

In Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441 (1944), sixteen year old Robert Vaughn, Jr. was killed when a truck driven by him collided with a train of the Louisville & Nashville Railroad Company at a public crossing; also two other boys, Guy Tosh, Jr. and David Smith, were killed while riding in the truck. The truck was owned by Mattie Vaughn, grandmother of Robert Vaughn, Jr., and by Robert Vaughn, Sr. and Elizabeth Vaughn, his father and mother.

The administrators of the estates of Guy Tosh, Jr., and David Smith brought an action against the Vaughns and the Railroad. The Railroad in its answer filed a cross claim alleging that the collision occurred as the proximate result of the negligence of Robert Vaughn, Jr., while the Vaughns in their answer pleaded the contributory negligence of the plaintiffs' decedents. The trial of this case resulted in a verdict and judgment for the plaintiffs against the Railroad and the Vaughns.

Prior to the judgment in this case Robert Vaughn, Sr., administrator for the estate of Robert Vaughn, Jr., filed an action against the Railroad for the death of his intestate. The Railroad advanced as a defense the concept of estoppel by judgment. The court in commenting on this concept stated:

> In the Smith and Tosh cases the interests of the railroad company and its co-defendants, Robert Vaughn, Sr., and Elizabeth Vaughn, were adverse and an issue between them as to the negligence of Robert Vaughn, Jr., agent of Mr. and Mrs. Vaughn, was made by their pleadings. Mr. and Mrs. Vaughn participated in the trial, were represented by their own attorneys,

and, in order to prevent a judgment against them, endeavored to establish that the negligence of the railroad company was the sole cause of the collision and that their agent, Robert Vaughn, Jr., was not guilty of concurring negligence proximately contributing to the collision. The question of the negligence of Robert Vaughn, Jr., was adjudicated and determined, and Mr. and Mrs. Vaughn are estopped to relitigate the question. 179 S.W.2d at 444.

See also, Chase v. Pope, 247 F.Supp. 110 (E.D.Tenn.1965); Hathcock v. Mitchell, 277 Ala. 586, 173 So.2d 576 (1965); Chas. Ind. Co. v. Cecil B. Wood, Inc., 56 Ill.App.2d 30, 205 N.E.2d 786 (1965); Berry v. City of Santa Barbara, 248 Cal. App.2d 438, 56 Cal.Rptr. 553 (1967); A. Vestal, Res Judicata/Preclusion, 314 (1969).

Inasmuch as the concept of Louisiana estoppel by judgment and common law estoppel by judgment have a similar meaning, this Court feels that if confronted with the instant case, the Louisiana courts would find the reasoning of the common law cases highly persuasive.[2]

There is no doubt from the pleadings that in the state court suit the representatives of Marion Stevens and the Railroad were adverse parties. While in the state court proceeding the plaintiffs were third party defendants, and in this case they are plaintiffs, this does not alter the fact that the issue of the negligence of Railroad and the negligence of Marion L. Stevens was fully litigated and determined by the state court. The plaintiffs in this case have had their day in court in the state proceeding and they now cannot come into the federal courts, even in a different capacity, and relitigate the same issues.

For the foregoing reasons this Court must conclude that under the facts presented the Louisiana concept of estoppel by judgment should be applied.

Accordingly, it is ordered that the motion for summary judgment by the Alabama Great Southern Railroad Company is granted.

2. Professor McMahon in an article in 19 La.L.Rev. 390 (1959) prophesied that as a result of the *Price* case Louisiana law in this area would follow the common law estoppel by judgment. This is exactly what this Court has had to do in this case. This Court agrees with Professor McMahon in his analysis that the reasoning of the *Price* case, and its predecessors, is erroneous for a civil law jurisdiction such as Louisiana. The better civilian approach would have been to discuss identity of demands as required by the Civil Code. Notwithstanding that fact, this Court is bound to apply the law of Louisiana according to the Louisiana Supreme Court's pronouncements.