275 So.2d 410 (1973)
Currise J. BROUSSARD, Plaintiff and Appellee,
v.
Lucille Lassiegne BROUSSARD, Defendant and Appellant.
No. 4120.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
*411 L. H. Olivier and Bennett J. Gautreaux, Lafayette, for defendant-appellant.
Robert J. Adams, Lafayette, for plaintiff-appellee.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff, Currise J. Broussard, seeks a final divorce under the provisions of LSA-R.S. 9:302 on the ground that more than one year has passed since he obtained a judgment of separation from bed and board. Defendant wife, Lucille Lassiegne Broussard, admits the judicial separation but alleges that she was not at fault in causing it and reconvenes seeking permanent alimony. Plaintiff answered the reconventional demand and entered a plea of judicial estoppel in bar of any evidence to show that defendant was not at fault in causing the separation.
The trial court sustained the plea of judicial estoppel and after hearing evidence on the principal demand, rendered judgment in favor of plaintiff decreeing a divorce "a vinculo matrimonii" between him and defendant, and rejecting defendant's reconventional demand. Defendant has appealed that judgment to this Court.
The record discloses that on December 7, 1970, defendant filed suit against her husband, plaintiff, for a separation from bed and board alleging that he was guilty of abandonment. Plaintiff answered the petition and filed a reconventional demand in which he alleged that defendant had in fact abandoned him. Trial was had on the merits at which both parties presented their evidence, and a judgment was rendered in favor of plaintiff granting him a separation a mensa et thoro on his reconventional demand and rejecting defendant's principal demand for separation, but allowing her alimony pendente lite. On June 5, 1972, plaintiff filed the present proceedings.
Defendant argues that a determination of fault for purposes of a judgment of separation is not res judicata for purposes of Louisiana C.C. Article 160, providing in relevant part that:
Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
. . . . . .
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
. . . . . .
As authority for her position she cites the case of Davidson v. Jenkins, La.App., 216 So.2d 682. That case does state that res judicata is not applicable to such situations.
Louisiana Civil Code Article 2286 sets out the requirements for the application of res judicata thusly:
Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The only one of those requirements which is met in the case at bar, or was met in Davidson, supra, is the identity of the parties. Res judicata is stricti juris and requires that each and every element be present for its application. Eugene v. Ventress, 253 La. 840, 220 So.2d 94; Lege v. United States Fidelity & Guaranty Company, La.App., 186 So.2d 670; writ refused *412 249 La. 478, 187 So.2d 448. Therefore res judicata is inapplicable.
The same is not true, however, of judicial estoppel, as we believe it is applicable to the situation before us. In California Company v. Price, 234 La. 338, 99 So.2d 743, our Supreme Court held that the doctrine of judicial estoppel is recognized in Louisiana, and used the following language in explaining its force and scope:
It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal. Heroman v. Louisiana Institute, 34 La.Ann. 805; Buillard v. Davis, 185 La. 255, 169 So. 78; Metropolitan Bank v. Times-Democrat Publishing Co., 121 La. 547, 46 So. 622; Pitts v. Neugent, 187 La. 694, 175 So. 460.
Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings. Heroman v. Louisiana Institute, supra; Buillard v. Davis, supra; Succession of Fitzgerald, 192 La. 726, 189 So. 116; Quarles v. Lewis, 226 La. 76, 75 So.2d 14; Brown Land & Royalty Company v. Pickett, 226 La. 88, 75 So.2d 18.
The question of whether the defendant wife was at fault was most definitely adjudicated and determined in the prior separation suit. Indeed, a determination of the wife's fault or lack thereof is an essential element of any suit for separation a mensa et thoro based on the ground of abandonment. The statutory authority for such separation is found in La.C.C. Art. 143, which provides as follows:
Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board. [Emphasis ours.]
The question of the wife's fault is therefore placed at issue by the law, since it is only when the abandoned spouse has given no lawful cause for the abandonment that he or she may secure judgment. Thus if the wife obtains the judgment of separation she must of necessity have proved that she was without fault in causing her husband to leave. On the other hand if the husband is awarded the judgment of separation, the wife's fault is judicially determined, as it was incumbent on the husband to prove himself free from fault and that having been proved, she was necessarily at fault in abandoning him. La.C.C. Articles 39, 120, 143; Rayborn v. Rayborn, La. App., 246 So.2d 400, writ refused 258 La. 775, 247 So.2d 868.
Since a determination of fault is essential to the award of a judgment of separation based on the ground of abandnment, it is certainly a "material allegation", which, ". . . once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties . . . ." California Company v. Price, supra. The plea of judicial estoppel having been duly entered by plaintiff, and being applicable to the situation at bar, we think the trial judge was eminently correct in sustaining it.
For the above and foregoing reasons the judgment of the District Court is affirmed at the costs of defendant-appellant.
Affirmed.
*413 MILLER, Judge (dissenting).
The majority has sustained the trial court's refusal to allow wife to introduce testimony at the divorce trial pursuant to her claim for alimony under Civil Code Article 160. The rule applied is that when husband obtains a judicial separation decree based on wife's abandonment, wife is thereafter judicially estopped from introducing evidence to show her alleged freedom from fault to support her claim for alimony under Article 160. I respectfully dissent.
Alimony was not at issue when husband obtained the judicial separation because wife was then entitled to alimony regardless of fault. Estoppels are not favored by the courts and judicial estoppel should be cautiously applied. Since alimony was not at issue in the separation suit, I submit that judicial estoppel is not here applicable.
In some instances the married parties mutually desire a judicial separation and abandonment is the least offensive ground. Until now, abandonment has avoided accusations and counter-accusations which worsen an already unfortunate situation. Reconciliation is often easier when the parties have limited their recriminations. Under this holding, when abandonment is the grounds for judicial separation, if alimony may be an issue at divorce, the dirty linen must be aired at the trial for judicial separation.
The majority has adopted some dicta in Rayborn v. Rayborn, 246 So.2d 400 at page 407 (La.App. 1 Cir. 1971)[1] where the author of the opinion felt compelled to note that they did not desire to endorse the decision of their brethren of the Third Circuit in Davidson v. Jenkins, 216 So.2d 682 (La.App. 3 Cir. 1968).[2] In Rayborn, wife obtained a judicial separation grounded on husband's cruel treatment. At a hearing after divorce when wife sought alimony under Article 160, the trial judge denied husband the right to put on evidence as to wife's fault which, according to husband, led to the dissolution of the marriage. This was reversed and the case remanded to take evidence on the question of wife's fault because fault was not an issue under C.C. Article 148 as to the wife's right to alimony in the separation suit. 246 So.2d at 407.
The persuasive argument presented as dicta in Rayborn is made the law of this case. It is succinctly and well stated at 246 So.2d 407.
"In a separation suit grounded on cruel treatment the decision of a husband-defendant not to respond and put at issue mutual fault on the part of his wife-plaintiff can be based on valid and proper considerations. Often the accusations and counter-accusations in a domestic dispute worsens an already unfortunate situation. The decision of the husband not to appear is not repugnant to the law because the wife must still come forward with proof of his cruelty to be successful. However, in a suit for separation grounded on abandonment the decision not to put the wife's fault at issue is not left to the defendant. The law makes that decision for him because C.C. Article 143 provides that a judgment can be entered only in the case where the wife is free from fault, i. e., gave her husband no lawful cause to leave the common dwelling. This is an essential and indispensable element of proof. After requiring this proof, we deem it repugnant to the law to allow the husband to refute the previous judgment when the wife later seeks alimony and fault is again put at issue. The sanction of such a practice renders the abandonment article meaningless and judicially condones the misrepresentation *414 of facts presented to the court in the abandonment proceedings."
This is a reasonable position and may very well be the correct law. I find it difficult to accept. It seems anomalous to me that a separation grounded on cruel treatment does not prevent evidence concerning fault as the term is used in Article 160, but a separation grounded on abandonment does. This may be technically sound, but I submit that this is not desirable and not contemplated by the 1964 amendment to Article 160.
The wife does not have to be totally blameless in the marital discord in order to receive alimony under Article 160. Adler v. Adler, 239 So.2d 494 (La.App. 4 Cir. 1970), writ refused, 257 La. 168, 241 So.2d 530 (1970). To constitute fault within the meaning of Article 160, the wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959). See also cases cited at 239 So.2d 496.
The majority holding leads to an untenable result when a wife has been severely beaten numerous times, finally elects to leave the matrimonial domicile and is so pleased with the respite that she does not contest her husband's suit for judicial separation based on her abandonment. At that judicial separation she is entitled to alimony. By operation of a technicality in the law we find that when the issue of her right to alimony is first presented (at the divorce trial), she is judicially estopped to show that her abandonment was a justifiable or natural response to husband's initial fault.
If the wife gets a judicial separation based on husband's abandonment, does the same rule apply? What about fault which occurs subsequent to the judicial separation but before suit is filed for the judicial divorce?
The technical grounds for the majority decision are impressive, but I respectfully suggest that the better rule is that wife is here entitled to offer testimony at the divorce trial to support her contention that she was free from "fault" as that term is used in Article 160. I would remand the case to give the wife her day in court.
NOTES
[1] The majority notes that writs were refused, but fails to state that writs were refused because the judgment was not final.
[2] Davidson did not involve judicial estoppelonly res judicata.